STOKOWSKA v. PEDRICK.

United States District Court
S. D. New York.
May 24, 1950.

260

Bleakley, Platt, Gilchrist & Walker, New York City, Thomas B. Gilchrist, Bouvier Beale, New York City, of counsel, attorneys for plaintiff.

Irving H. Saypol, United States Attorney for the Southern District of New York, New York City, John M. Cunneen, Assistant United States Attorney, New York City, of counsel, attorney for defendant.

IRVING R. KAUFMAN, District Judge.

Plaintiff brought this action to recover payments of federal gift taxes for each of the years 1939 to 1944 inclusive, alleging that the taxing of the sum of $21,000 paid to plaintiff's mother, Gloria Morgan Vanderbilt, in each of these years was erroneous, since the payments were made pursuant to three maintenance orders of the Surrogate's Court of New York County dated January 21, 1938, December 27, 1940 and December 2, 1943.

Defendant is the administratrix of the estate of William J. Pedrick, deceased, who was Collector of Internal Revenue in plaintiff's Collection District at the time the taxes were paid, that is, on January 10, 1945. Defendant has moved to amend its answer to state two additional defenses.

Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., states that leave to amend shall be freely given when justice so requires. That defendant has not been remiss in proposing the new defenses is not questioned, for the defenses are based on evidence and information revealed in various oral examinations conducted recently by the defendant. Plaintiff's objections to the defenses are that they are insufficient and contrary to law and hence to allow them would be a nullity and against the interest of justice.

■ The new defenses in the proposed amended complaint are the second and third. The second defense alleges that the various orders of the Surrogate's Court, after which payments were made out of the estate of the plaintiff, were executed without authority and hence have no weight. It seems clear that this is a valid defense, for plaintiff's suit is based on the orders of the Surrogate's Court, and if the Surrogate's Court lacked jurisdiction, the orders would be invalid.

The third defense alleges that even if the Surrogate's Court had jurisdiction, there was no factual basis for the orders authorizing payments from the infant's estate. This, it appears at this time, is a valid defense.

■ Although a state court adjudication of property rights *on the merits* is considered binding on the Government for taxation purposes, see, e. g. Blair v. Commissioner, 1937, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465, the contention in the third defense is that the issuance of the maintenance orders was not contested upon the merits, but rather was the result of an

arrangement and consent, and therefore is not conclusive against the Government. Cf. Burton v. Bowers, 4 Cir., 1949, 172 F. 2d 429; First-Mechanics Nat. Bank v. Commissioner of Int. Rev., 3 Cir., 1940, 117 F.2d 127; United States v. Mitchell, 7 Cir., 1934, 74 F.2d 571.

▆ Plaintiff cites Section 80 of the Surrogate's Court Act of New York to establish the conclusiveness of the decrees of the Surrogate; however, that Section merely states that a decree is conclusive against persons over whom jurisdiction has been obtained. In no manner would this bind the Government since the Government was not a party before the Surrogate when the orders were issued, nor could it have been properly a party to those maintenance order proceedings.

▆ It therefore appears that both defenses are valid and should be allowed. Plaintiff contends however that these defenses, based on the theory of equitable recoupment, relate to a taxable event other than the taxable events alleged in plaintiff's complaint, which she claims is not permitted under the doctrine of equitable recoupment. It is alleged that the taxable event referred to by the defenses is the failure of the plaintiff to object to the final accounting of her guardian when she reached her majority. Obviously, a failure to object cannot be taxed. The taxable transactions to which the defendant claims the right to apply the doctrine of equitable recoupment are the same six payments to her mother in her minority referred to in the complaint with her consent and without consideration; the failure to object to the final accounting is merely evidence of consent or ratification. Therefore the defenses relate to the same taxable events upon which the complaint is based.

The defendant has submitted a new paragraph "20" to be substituted by consent in the proposed amended answer which clearly indicates that the equitable recoupment desired relates to the payments during the years 1939 to 1944 inclusive.

Motion to amend answer granted.