EMICH MOTORS CORP. et al.

v.

GENERAL MOTORS CORP. et al.

No. 3514.

United States District Court,
N. D. Illinois.

Dec. 28, 1953.

Thomas Dodd Healy, Harold Stickler, A. Bradley Eben and Martin S. Gerber, Chicago, Ill., for plaintiffs.

Ferris E. Hurd, Chicago, Ill., Henry M. Hogan and Henry F. Herbermann, New York City, for defendants.

HOFFMAN, District Judge.

This is a suit under Section 4 of the Clayton Act, 15 U.S.C.A. § 15, for the recovery of treble damages allegedly caused by the defendants' violation of the antitrust laws. A previous judgment for the plaintiffs was reversed upon appeal, and the case was remanded to this court where it now awaits retrial. The defendants have moved, under Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., for leave to amend their answer by setting up as a defense to the plaintiffs' claim the two-year Illinois statute of limitations, Ill.Rev.Stat. Chap. 83, § 15, Smith-Hurd 1951.

In justification for their delay in seeking to interpose this defense, the defendants have filed an affidavit of their attorneys setting forth that failure to include the bar of this statute in the original answer resulted from their reliance upon two unreported decisions in this district and division holding the two-year statutory period inapplicable to cases of this kind. Backus v. Blum, No. 42455, decided November 29, 1933, and Farmers National Grain Corporation v. Cargill, Inc., No. 2260, decided April 3, 1941. These decisions were overruled, after the first trial of this case, by the Court of Appeals for this circuit in Hoskins Coal & Dock Corporation v. Truax Traer Coal Company, 7 Cir., 1951, 191 F.2d 912.

The plaintiffs resist the proposed amendment on the ground that the defendants should be estopped from raising the defense by their failure to plead it before the first trial, to the plaintiffs' prejudice, and by the delay of some thirteen months between the time of the Court of Appeals' ruling that the two-year statute applied and the filing of this motion to amend.

The scope of the issues which are open in the trial court upon remand from an appellate court is to be determined by the order remanding the case. Feldmann v. Connecticut Mutual Life Insurance Company, D.C.E.D.Mo.1944, 57 F.Supp. 70. The judgment rendered in the former trial was reversed by the Court of Appeals for errors in the admission and exclusion of evidence and in instructions to the jury, as the result of which "defendants were not afforded a fair opportunity to meet" the evidence of the plaintiffs, and because plaintiffs' evidence on the "issue of damages was so extremely speculative and conjectural as to furnish no sound basis for the amount allowed." The case was there-

fore remanded to this court for a new trial. Emich Motors Corporation v. General Motors Corporation, 7 Cir., 1950, 181 F.2d 70. The United States Supreme Court then granted certiorari limited "to the question whether the Court of Appeals erred in construing Section 5 of the Clayton Act [38 Stat. 731], 15 U.S.C.A. § 16, as not permitting: (a) the admission in the instant case of the indictment in the antecedent criminal case against respondents, nor (b) the judgment therein to be used as evidence that the conspiracy of which respondents had been convicted occasioned Emich Motors' cancellation." 1950, 340 U.S. 808, 71 S.Ct. 62, 95 L.Ed. 594. Upon full hearing the Supreme Court reversed the judgment of the Court of Appeals as to those matters upon which certiorari had been granted, and remanded the case to the Court of Appeals with directions to modify its judgment to conform with the Supreme Court opinion. 1950, 340 U.S. 558, 71 S.Ct. 408, 95 L.Ed. 534. The case is now before this court for a new trial consistent with the judgment of the Court of Appeals as so modified, without further limitation of the issues to be considered.

▇ It is settled that allowance of the amendment is within the power of the court. Guth v. Texas Company, 7 Cir., 1946, 155 F.2d 563 (new claim added on remand); Jones v. St. Paul Fire & Marine Insurance Co., 5 Cir., 1939, 108 F.2d 123 (new claim added to complaint on remand); Cohen v. Globe Indemnity Co., D.C.E.D.Pa.1940, 37 F. Supp. 208. Whether the power should be exercised to allow the defendants to interpose this new affirmative defense rests within the discretion of the court. Bowles v. Biberman Bros., Inc., 3 Cir., 1946, 152 F.2d 700.

Rule 15(a), Federal Rules of Civil Procedure, establishes the policy that when amendment is not permitted as a matter of course leave shall be freely given when justice so requires. Several decisions interpreting this policy of liberal amendment lend support to the defendants' motion. In Feldmann v. Connecticut Mutual Life Insurance Company, supra, the defendant, an insurance company being sued upon an accidental death policy, was permitted to amend its answer to add a wholly new defense upon remand after the reversal of a plaintiff's verdict for errors in the charge to the jury. The defendant justified its delay in pleading the defense, which related to the cause of death, on the grounds that it had been misled by the statement of a physician whom the plaintiff had refused to allow to be examined regarding the cause of death. And in American Optical Co. v. New Jersey Optical Co., D.C.D.Mass.1943, 50 F.Supp. 806, the defendant was given leave to amend its answer after the expiration of the time during which amendment is permitted as a matter of course. The delay in interposing the new defense was held to be excused by the defendant's counsel's reliance upon decisions which had been overruled by the Supreme Court after the answer was filed. In Downey v. Palmer, D.C. S.D.N.Y.1939, 27 F.Supp. 993, reversed on other grounds, 2 Cir., 1940, 114 F.2d 116, the defendant was allowed to amend her answer, after issue had been joined by a reply, to set up a plea of the statute of limitations. The opinion, per Hulbert, J., observes:

"Defendant now seeks to amend her answer by setting up as a defense a statute of limitations. The Court does not feel disposed to penalize the defendant if her counsel erred in determining whether the six-year statute (Sec. 48, subsection 2) or three year statute (Sec. 49, subsection 4) of the New York Civil Practice Act is applicable.

"Under our new Rules amendment of pleadings is to be freely allowed when justice so requires. Rule 15 (a), 28 U.S.C.A. following section 723c."

The plaintiffs urge that the defense of the two-year statutory limitations period is without merit, and that, as a consequence, the amendment to raise it should be refused. The defendants, however, have presented factual arguments sufficient to raise a substantial question whether the statute constitutes a bar. The resolution of these questions must be postponed until the statute has been pleaded.

 Since it does not appear that the plaintiffs will be prejudiced by the delay in interposing the defense, and since the failure to raise it at an earlier time is explained by the defendants' counsel's reliance upon decisions subsequently overruled, the requested leave to amend the answer is granted.