330

Alex WITCJAK, Plaintiff,

v.

Roy ALLEN and Thomas George, t/a New Franklin Coal Company; J. Robert Bazley, Inc., and Pennsylvania Power & Light Company, Defendants.

Civ. A. No. 23402.

United States District Court
E. D. Pennsylvania.

July 21, 1958.

Louis S. Fine, Philadelphia, Pa., for plaintiff.

Robert Jones (of Rawle & Henderson), Philadelphia, Pa., for defendant J. Robert Bazley, Inc.

WELSH, District Judge.

This is a motion of one of the defendants J. Robert Bazley, Inc., hereinafter called defendant, to amend its answer.

Plaintiff, Alex Witcjak, was a truck driver for S. & E. McCormick. He drove a truck carrying a piece of equipment for the defendant, New Franklin Coal Company. When he arrived at his destination, in order to discharge the equipment from the truck he was driving it was necessary to take off the rear wheels of the I Beam Trailer upon which the equipment was resting. After the equipment was discharged the task of replacing the rear wheels was commenced. A truck crane, which had been furnished by the defendant and which was operated by its employee, Lemar Conrad, took part in replacing the rear wheels. The operator of the truck crane placed his crane under high tension wires. During the course of this operation the boom of this truck crane negligently was permitted to come into contact with the overhead wires. The electricity traveled down the boom into the plaintiff causing the plaintiff serious injuries.

On October 10, 1957, plaintiff brought this action to recover damages resulting from said injuries.

Service of the complaint having been made upon the defendant on October 23, 1957, it thereupon forwarded said complaint to its insurance carrier, which company, in turn, on or about November 1, 1957, forwarded said complaint to its counsel together with such of the investigation material as was then available. A question of insurance coverage arose; namely, whether or not the loss alleged in the complaint was covered by an insurance company other than the one which is presently affording the defendant a defense. In an attempt to resolve this coverage problem, counsel for this defendant obtained an extension of time within which to file an answer, but when it was discovered that the controversy between the two companies could not be amicably resolved, and it appearing that it would not be fair to with-hold the filing of an answer to the complaint any longer, the defendant, by its counsel filed an answer on January 21, 1958, counsel's appearance having been entered previously on January 15, 1958. Said answer was prepared by and signed by its counsel.

At the time counsel prepared the answer on behalf of the defendant, it appeared, from the investigation, that the truck crane in the possession of defendant at the time of the accident was being operated by Conrad in the scope of his employment. Counsel for the defendant, in the course of continuing the investigation of the facts surrounding this occurrence, discovered, after the filing of the answer, that the oral contract between this defendant and defendant New Franklin Coal Mining Company, Inc., covering the use of the truck crane, covered the unloading of a tractor trailer other than the one which was being unloaded at the time of the accident and that defendant's employee, Conrad, was instructed only with respect to the other tractor trailer.

Afraid that the allegations of paragraphs 3 and 5 of the complaint and the answers thereto by the defendant could be construed as an admission on the part of the defendant that its employee, the crane operator, was acting in the course and scope of his employment at the time of the accident, the instant motion for leave to amend its answer was filed on April 10, 1958. The intent of the proposed amendment is to specify, in particular, the fact that defendant's employee was not acting in the course and scope of his employment when per-

forming the acts which are alleged in the complaint to have caused or contributed to the accident and resultant injuries to the plaintiff.

1. Counsel for the defendant frankly admits that had he been more astute in analyzing the facts in his file prior to the filing of the answer in all probability he would have seen the issue of agency and would have pleaded that the crane operator was not acting in the course and scope of his employment with the defendant. However, we think said counsel is excused if we consider (a) the file to which reference was made is several inches thick, (b) the circumstances surrounding this accident are quite complicated, particularly with respect to the relationships not only of the various defendants but also of other parties whose acts are material to the facts which the parties expect to prove at the trial and (c) the agreement by which the crane and the operator were provided by the defendant to defendant New Franklin Coal Mining Company, Inc., was oral.

2. The instant motion for leave to amend was filed under Federal Rules of Civil Procedure, 15(a), 28 U.S.C.A., which provides inter alia that leave to amend a pleading shall be freely given when justice so requires. It has been held under said Rule that the District Court has wide latitude in permitting or refusing leave to amend a pleading. Canister Co. v. Leahy, 3 Cir., 191 F.2d 255. In our judgment the facts and circumstances of the present case justify granting the defendant leave to amend its answer. In addition, we find that the motion, filed approximately 2⅔ months after the filing of the answer, was timely and that the plaintiff will not be prejudiced by the proposed amendment, since said amendment would merely raise, not decide, the issue of agency.

Plaintiff's counsel has objected to the motion on two grounds: (1) The facts set forth in the defendant's motion and argument establish in law that there was agency. The defendant should be required to submit affidavits setting forth the facts submitted in its argument so the Court may rule upon these facts to determine if there was or was not agency. (2) He has completed his investigation of the case. If the motion is granted he will be compelled to renew his investigation and additional expenses will therefore be incurred.

The answer to the first objection is that defendant's averments in its proposed amended answer if testified to on trial will create a factual issue which can only be determined by a jury. The answer to the second objection is that while it is true that plaintiff's counsel will incur additional expenses as a result of being forced to resume his investigation that is not a valid reason for denying the present motion. However, the Court is of the opinion that plaintiff's counsel should be awarded $250 for future expenses of investigation.

Defendant's motion for leave to amend its answer will accordingly be granted.

An appropriate order will be entered forthwith.