**RISS & CO., Inc.**

**v.**

**LOCAL 107 OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS, Etc., et al.**

**Civ. A. No. 27503.**

United States District Court
E. D. Pennsylvania.

Feb. 21, 1961.

Lester Dolfman, Philadelphia, Pa., for plaintiff.

Richard H. Markowitz, Philadelphia, Pa., for defendant.

LORD, District Judge.

On January 6, 1960, plaintiff instituted this action for damages arising out of an alleged illegal strike. Defendants' answer was seasonably filed on January 26, 1960, and it denied several allegations of the plaintiff and raised several defenses to the complaint. On December 5, 1960 defendants filed the present motion wherein they seek to add an additional defense to their answer and to add two counterclaims.

A. Amendment of the Answer

Fed.R.Civ.P. 15(a), 28 U.S.C. provides in part:

> "(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. * * *"

Fed.R.Civ.P. 8(f) further provides that the "pleadings shall be so construed as to do substantial justice". These two sections clearly illustrate that the fundamental purpose of the pleadings is to illuminate the real issues of the case. It is unquestioned that the authorities

**8**

have properly followed a policy of liberality in cases where amendment is not interposed for purposes of delay or prejudice. 3 Moore, Federal Practice 828 (1948). In Tahir Erk v. Glenn L. Martin Co., 4 Cir., 1941, 116 F.2d 865, at page 871, the court enunciated the general doctrine:

> "Where the opposing party will not be prejudiced, the liberal allowance of amendment of pleadings is 'a desirable complement to restriction of objections for substance and form'."

See also Witcjak v. Allen, D.C.E.D.Pa. 1958, 22 F.R.D. 330; Taylor v. Reading Co., D.C., 23 F.R.D. 186; Downey v. Palmer, D.C.S.D.N.Y.1939, 27 F.Supp. 993; American Optical Company v. New Jersey Optical Company, D.C.D.Mass. 1943, 50 F.Supp. 806; Stokowska v. Pedrick, D.C.S.D.N.Y.1950, 10 F.R.D. 259. Granting defendants' motion to allow an additional defense cannot prejudice the plaintiff to delay the trial. The present action has not been listed for trial nor has it appeared on any civil pre-trial list. Since the proposed defense is one of substance, the court cannot label it as frivolous.

■■ Plaintiff contends that the proposed amendment is inconsistent with the matter contained in the defendants' answer. However meritorious this contention may be, it is a matter which should be considered at the trial of the case. Even though an amendment is insufficient in law, insufficiency is not a basis for refusing to allow it. Of course, this presupposes that the amendment is not frivolous. See Emich Motors Corp. v. General Motors Corp., D.C.N.D.Ill. 1953, 15 F.R.D. 354, 59 A.L.R.2d 159; Cravatts v. Klozo Fastener Corp., D.C. S.D.N.Y.1954, 16 F.R.D. 454. Further, defendants have a legal right to plead as many inconsistent defenses as they desire. Fed.R.Civ.P. 8(e) (2).

**B. Amendment to Include Counterclaims**

■ Defendants seek to add two compulsory counterclaims. The same liberality of pleading which has been alluded to earlier is applicable to the present issue. Fed.R.Civ.P. 13(f) provides:

> "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment."

See 3 Moore, Federal Practice 89 (1948). The allowance of these counterclaims will enable the parties to dispose of all matters in controversy in one proceeding. Noerr Motor Freight, Inc. v. Eastern Railroad Presidents Conference, D. C.E.D.Pa.1956, 19 F.R.D. 146. This attitude permits the "rules" to be used in the best interests of justice.

And now, it is ordered that Defendants' Motion to Amend Answer and to add two Counterclaims is hereby granted.