M. Hallsted CHRIST, Trustee in Bankruptcy of Gibraltor Amusements, Ltd., Plaintiff,

v.

VENDING ENTERPRISES, INC., Vending Enterprises (Suffolk), Inc., Funds For Business, Inc., All Type Vending Corp., Interstate Amusement Corp., Perfect Vending Corp., Sak Trading Corp., Admiral Trading Corp., Regal Music Corp., Bedford Factor Corp., Continental Industries, Inc., Black Sales, Inc., Albert Simon, Inc., Sanford J. Moore, Libra Distributors Corp., Ruth Levine, Bernard Levine, Jerome Levine, Harold F. Levin, Allen Kerner, Irving Holzman, Sherwood Schwach, Al Carpentier, James A. Engel, Moses A. Kutlow, Abraham Manacker, Alvin Needleman, J. Walter Cohen, Sidney Schwach and Sidney S. Lewi, Defendants.

VENDING ENTERPRISES (SUFFOLK), INC., and Funds for Business, Inc., Third-Party Plaintiffs,

v.

SECURITY NATIONAL BANK OF LONG ISLAND, Third-Party Defendant.

No. 60-C-1207.

United States District Court E. D. New York.

June 7, 1961.

See also 191 F.Supp. 485.

Harry T. Kirp, New York City, for third-party plaintiffs.

Schwartz & Duberstein, Brooklyn, N. Y., for third-party defendant; Conrad B. Duberstein, Brooklyn, N. Y., of counsel.

BARTELS, District Judge.

Motion by defendants-third party plaintiffs to amend the third party complaint herein, pursuant to Rule 15(a), Fed.Rules Civ.Proc., 28 U.S.C.A., to allege a Second Cause of Action based upon a promissory note. The third party defendant objects that the note was executed at a date subsequent to the period encompassed by both complaints and is irrelevant to the primary cause of action.

Under Rule 15(a) amendments to complaints should be "freely given when justice so requires". The third party plaintiffs claim that the proposed amendment does pertain to the subject matter of the

suit although the note was subsequently executed. This is not an issue to be resolved on a motion of this nature. Rather, the amendment should be allowed, and the third party defendant should then take the appropriate steps to attack its relevancy. Emich Motors Corp. v. General Motors Corp., D.C.Ill.1953, 15 F.R.D. 354, affirmed 7 Cir., 229 F.2d 714; Cravatts v. Klozo Fastener Corp., D.C.N.Y. 1954, 16 F.R.D. 454; see 3 Moore's Federal Practice ¶ 15.08. Motion granted.

Settle order within ten (10) days on two (2) days' notice.