Richter, Levy, Lord, Toll & Cavanaugh, by David F. Binder, Philadelphia, Pa., for plaintiff.

Beechwood & Lovitt, by John V. Lovitt, Philadelphia, Pa., for defendant.

**Trustin BRATT**

v.

**BETHLEHEM STEEL COMPANY.**

**Civ. A. No. 27128.**

United States District Court
E. D. Pennsylvania.

May 9, 1962.

WOOD, District Judge.

This is a personal injury suit in which plaintiff, a truck driver employed by Branch Motor Express Company, was seriously injured on November 7, 1957. Plaintiff was driving a tractor-trailer loaded with steel angle irons, or steel channels, when the chain binding the angle irons onto the flat bed of the trailer snapped and the load shifted, causing the tractor-trailer to go out of control.

On October 9, 1959, plaintiff brought this suit alleging that the tractor-trailer had been loaded by the employees of the defendant acting in the scope of their employment. Defendant's answer ad-

mitted that the tractor-trailer had been loaded by its employees.

On December 23, 1959, plaintiff filed and served interrogatories upon the defendant asking for the names, addresses, and job classifications of defendant's employees who loaded the tractor-trailer involved in the accident. These interrogatories were never answered. Plaintiff, apparently relying on the admission of agency contained in the answer, did not seek to have the interrogatories answered by judicial mandate.

On July 1, 1960, counsel who presently represents defendant entered the case. According to defendant's present counsel, investigations have revealed that the tractor-trailer involved in the accident was not loaded by employees of the defendant, but by employees of the Branch Motor Express Company. Therefore, defendant now seeks to amend its answer so as to deny the allegation of the complaint, previously admitted, that defendant's employees were responsible for the way in which the steel was loaded.

More than two years and three months have elapsed since the filing of plaintiff's complaint. Evidence which might have been readily available to plaintiff two years ago has now become unavailable, as records have been destroyed and the memory of witnesses has dimmed. Plaintiff has been lulled into believing that he would not have to produce independent evidence of who loaded the tractor-trailer. If we allowed the amendment now, plaintiff's case would be seriously prejudiced.

On the other hand, defendant has shown no sufficient excuse for its delay in securing this vital evidence. Its own failure to answer plaintiff's interrogatories resulted in its failure to apprise itself of the facts about the loading of the tractor-trailer. The resulting situation is one in which either plaintiff or defendant must suffer. Since defendant is responsible for creating the situation, defendant must bear the burden of the admission of agency as contained in the original answer.

## ORDER

And now, to wit, this 9th day of May, 1962, IT IS HEREBY ORDERED that Defendant's Motion to Amend the Answer is DENIED.