**GEORGE McARTHUR AND SONS, INC.**

v.

**SAFE–PLAY MANUFACTURING COM-PANY, Safe-Play Sales Corporation, Welded Tube Company of America, and Campbell Chain Company.**

Civ. A. No. 30842.

United States District Court
E. D. Pennsylvania.

Dec. 28, 1962.

John J. McDevitt, 3rd, Philadelphia, Pa., for plaintiff.

Howard R. Detweiler, Philadelphia, Pa., for defendants and third party plaintiff.

LUONGO, District Judge.

Before me is the motion of defendants, Safe-Play Manufacturing Company, Safe-Play Sales Corporation, and Welded Tube Company of America, to amend their answers previously filed to include the defense of Statute of Limitations. The complaint to which the answers were filed alleges that defendants, pursuant to an agreement to manufacture hammocks for plaintiff, shipped some of the hammocks on plaintiff's behalf to one of plaintiff's customers. Plaintiff's customer in turn sold one of the hammocks on June 20, 1955, to one of its own customers who, in using the hammock, sustained personal injuries. The injured person instituted suit against plaintiff's customer and obtained a judgment. Thereafter, plaintiff's customer sued and obtained a judgment against plaintiff who then, on January 31, 1962, brought this suit against defendants seeking recovery for breach of warranty, negligence and common law indemnity and contribution. The moving defendants filed their answers to the complaint on April 3, 1962 and did not include therein the defense of Statute of Limitations. On June 1, 1962, plaintiff filed an order to place the suit on the trial list. This

motion to amend was filed August 9, 1962, some four months after the answer was filed.

Defendants urge that leave should be granted them to amend to assert the defense of Statute of Limitations on the ground that this Court's opinion in Berg v. Remington Arms Company, 207 F. Supp. 65 (D.C.E.D.Pa.1962), filed June 29, 1962, made it apparent for the first time that that defense was available in this action. Defendants' motion will be granted, but not for the reason advanced by them. Berg effected no change in the law, it made no startling pronouncement, it merely applied the law of Pennsylvania as already laid down by the cases cited therein. Moreover, it is questionable what impact Berg could have on the instant case since the limitations provision of the Uniform Commercial Code, 12A P.S. § 2–725, which was not applicable in Berg, may be controlling here. Engelman v. Eastern Light Company, Inc., C. P., Carbon County, Legal Intelligencer, November 27, 1962.

 Whether leave should be granted to amend to interpose a new affirmative defense under Rule 15 is a matter committed to the discretion of the Court. Bowles v. Biberman Bros., Inc., 3 Cir., 152 F.2d 700. As a guide to the exercise of that discretion

"Rule 15(a), Federal Rules of Civil Procedure, establishes the policy that when amendment is not permitted as a matter of course leave should freely be given when justice so requires." Emich Motors Corp. v. General Motors Corp., 15 F.R.D. 354, 59 A.L.R.2d 159 (D.C. N.D.Ill.1953), aff'd 229 F.2d 714, 59 A.L. R.2d 159 (7th Cir., 1956)

Amendments have been liberally allowed. Thus, in Emich Motors Corp. v. General Motors Corp., supra, defendant was permitted to amend to include the defense of Statute of Limitations after the matter had been appealed, had been reversed and remanded for new trial and thirteen months after an appellate

decision allegedly overruled several unreported lower court decisions. In Riss & Co., Inc. v. Local 107 of Inter. Bro. of Teamsters, Etc., 27 F.R.D. 7 (D.C.E.D. Pa.1961) Judge John Lord of this Court granted defendant's motion to amend to include additional defenses eleven months after the answer had been filed. Also see McNaughton v. New York Central Railroad Company, 220 F.2d 835 (7th Cir., 1955); Bella v. Marine Transport Lines, Inc., 18 F.R.D. 410 (D.C.S.D. N.Y.1956); 3 Moore's Federal Practice ¶ 15:08.

 The motion to amend in the instant case was filed four months after the answer was filed. In view of the state of the trial list in this District, the date of trial is not imminent and I can perceive no prejudice to the plaintiff from the allowance of this amendment.