**Charles· E. HARVEY**

v.

**EIMCO CORPORATION**

v.

**UNITED STATES STEEL COR-
PORATION.**

Civ. A. No. 28708.

United States District Court
E. D. Pennsylvania.

May 10, 1963.

See also 28 F.R.D. 381.

———◆———

Jerome E. Ornsteen, Philadelphia, Pa., for plaintiff.

Michael L. Temin, and Bernard M. Borish, Philadelphia, Pa., for defendant.

VAN DUSEN, District Judge.

This action, based on alleged breach of warranty and negligence, was brought against defendant, the manufacturer of a trailer-excavator, by plaintiff, who suffered personal injuries while operating the machine. It is now before the court on defendant's Amended Motion under F.R.Civ.P. 15(a) to amend its Answer in order to affirmatively assert the defenses of contributory negligence, assumption of risk, and statute of limita-

tions,[1] which Motion was filed more than two years after the Complaint was filed.

The Complaint was filed on October 20, 1960, and refers to an accident which plaintiff had in November 1958. The filing of the Complaint was defendant's first definite notice of said accident.[2] In its Answer of December 15, 1960, defendant reserved the right to assert affirmative defenses such as contributory negligence and assumption of risk (see Document 5). In Supplemental Answers to Interrogatories filed July 19, 1961, defendant set forth in detail its contentions as to contributory negligence based on information then available to it[3] and stated that it was continuing its investigation on this subject (see Document 29). Defendant did not discover until December 1961 which of its machines was involved in the accident and only then was able to discover that the trailer-excavator involved was sold by it in 1955.

F.R.Civ.P. 15(a) states that leave to amend shall be freely given when justice so requires and the courts have followed this rule by liberally allowing amendments when they are not interposed for reasons of delay or prejudice. Riss & Co. v. Local 107 of Inter. Bro. of Teamsters, etc., 27 F.R.D. 7, 8 (E.D.Pa. 1961); Witcjak v. New Franklin Coal Mining Co., 173 F.Supp. 661, 663 (E.D. Pa.1959); Schwartz v. American Stores Company, 22 F.R.D. 38 (E.D.Pa.1958). See, also, 3 Moore, Federal Practice, Par. 15.08 (1948), and cases there cited.[4]

Plaintiff claims that the proposed amendment is untimely, would be prejudicial to him and, in reference to the statute of limitations defense, is insubstantial and frivolous.

Under the particular facts of this case, defendant's Motion will be granted. Plaintiff has not proved that the delay in filing this Motion led him to believe that the defenses would not be asserted. He was warned as early as December 1960 that contributory negligence and assumption of risk defenses might be interposed. On July 19, 1961, defendant set forth for plaintiff's benefit its contentions as to contributory negligence, the facts on which the contentions were based, and stated that investigation on this point was continuing (see Document 29, Answer to Interrogatory 62). At least since the latter date, plaintiff has been aware that defendant considered contributory negligence a real defense. It would have been reasonable for plaintiff to realize that, in pursuing discovery concerning contributory negligence, the defendant might well uncover a possible defense based on assumption of risk.[5] On this record, it cannot be said

---

1. The instant Motion is the same as the original Motion For Leave To Amend, which was filed October 23, 1962 (Document 46), except that in the original Motion defendant mistakenly referred to the alleged breach of warranty count as the "Second Count" in stating that the count was barred by the statute of limitations. It is correctly referred to as the "First Count" in the Motion now before the court. The original Motion For Leave To Amend was not decided.

2. See Answer to Interrogatory No. 5, Document 15, which also states that the manager of its Pittsburgh plant has the impression that someone mentioned to him on the phone in 1959 that a man was injured on an overhead loader.

3. The answer to this interrogatory is almost a full page long and is based in large part on plaintiff's answers to defendant's interrogatories.

4. Where a party wishes to amend in order to assert defenses such as the ones involved in this Motion, which must be affirmatively stated under the provisions of F.R.Civ.P. 8(c) or may be considered as having been waived under F.R.Civ.P. 12(h), the amendment should be allowed unless substantial prejudice would result to the opposing party. See Witcjak v. New Franklin Coal Mining Co., supra, 173 F.Supp., at p. 663.

5. Witcjak v. New Franklin Coal Mining Co., supra, at p. 663. The possibility of the assumption of risk defense being raised was especially strong in the instant case, where it had been mentioned in the Answer and where the facts on which defendant based the contributory negligence defense might well support a defense of assumption of risk. See Answer to Interrogatory 62, Document 29.

that allowing the amendment insofar as the contributory negligence and assumption of risk defenses are concerned would be prejudicial to plaintiff.[6]

■■ The record does not show that plaintiff was, or should have been, aware that defendant would raise the defense of statute of limitations until the original Motion to Amend was filed in October 1962. However, plaintiff's claim that the defense should not be allowed because it is insufficient in law and frivolous is rejected. Even if it were insufficient in law, such insufficiency is not a basis for refusing the amendment if it is not frivolous. Riss & Co. v. Local 107, supra. The court does not believe that the statute of limitations argument is a frivolous one in light of the apparently clear wording of the controlling statute. See 12A P.S. § 2–725 and the Pennsylvania Bar Association Notes following it.[7]

Although defendant might have filed this Motion earlier,[8] the Motion will not be denied for the reasons stated above, as well as the position of the case on the trial list. The trial of this case is not imminent, no pre-trial conference has been held, the case is not now scheduled on a pre-trial conference list, defendant's pre-trial memorandum has not been filed, and discovery has not been completed.

### ORDER

And Now, May 10, 1963, after consideration of the foregoing Motion, oral

6. Cf. Bratt v. Bethlehem Steel Company, 30 F.R.D. 365 (E.D.Pa.1962), with the facts in this case. It is also noted that Rule 15(a) does not include as a "prejudice" the possible bar of a claim. See Schwartz v. American Stores Company, supra.

7. See, also, Berg, Jr. v. Remington Arms Co., D.C., 207 F.Supp. 65. Although based on prior law, the decision contains some pertinent language.

8. The record does not indicate when defendant discovered enough facts to support its defense of contributory neg-

argument, the attached briefs of counsel, the letter of May 6, 1963, attached to plaintiff's brief, and the record, It Is Ordered that the Amended Motion of Defendant Eimco Corporation to Amend Its Answer (Document 48) is Granted.

ligence and assumption of risk, or if it has discovered facts on this subsequent to answering Interrogatory 62. There was a 10-month lapse between the time it discovered which machine was involved and the time the original Motion To Amend was filed. A recent decision of this court allowed an amendment raising the statute of limitations defense four months after the Answer was filed when the facts were in possession of the moving party at the time it answered. See George MacArthur and Sons, Inc. v. Safe-Play Manufacturing Company, et al., D.C., 32 F.R.D. 229, reported in The Legal Intelligencer of January 16, 1963.