**Jean H. PRANDINI, Individually, etc.**

**v.**

**NATIONAL TEA COMPANY and the Amalgamated Food Employees Union Local 590.**

**Civ. A. No. 72-870.**

United States District Court,
W. D. Pennsylvania.

May 9, 1974.

Martin Lubow, Michael P. Malakoff, Pittsburgh, Pa., for plaintiff.

Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for National Tea.

Joseph Mark Maurizi, Pittsburgh, Pa., for Union Local 590.

## MEMORANDUM ORDER

WEBER, District Judge.

The original complaint in this case filed October 18, 1972, alleged that it was being brought as a class action by the plaintiff on behalf of a class composed of female persons who were employed or might be employed, by the defendant National Tea Company at all of its retail stores covered by the applicable collective bargaining agreements between National Tea Company and The

Amalgamated Food Employees Union Local 590. The Local 590 bargaining unit covers stores within this judicial district and is a co-defendant in this action.

The proffered second amended complaint attempts to enlarge the class to include the Youngstown Division of defendant National Tea Company which would include its operations in the Western District of Pennsylvania, as well as employees employed in Ohio, outside this District, and employees who are not covered by the bargaining unit Local No. 590.

Extensive discovery has been pursued by the parties with respect to the allegations of the original complaint. The defendant alleges that the other Youngstown Division stores which were not covered by a collective bargaining agreement with Local 590 were administered separately from the stores covered by the Local 590 union contract and had contracts with other labor organizations dissimilar to the contract of defendant with Local 590. By a prior order of this court no discovery was permitted with regard to periods prior to 1968, and it now appears to this member of the court that defendant has ceased all operations in the Youngstown Division of which the class of persons represented by plaintiff form a part. The employment of these persons has been terminated, many of their personnel records have been discarded, and the remaining personnel records have been transferred to Chicago, Illinois, all prior to the commencement of this lawsuit.

[1] To allow an amendment widening the geographical area and including employees who are covered by collective bargaining agreements other than those of the representative plaintiff and the co-defendant Local 590 at this late date in the progress of the lawsuit would impose a very substantial prejudice upon the defendant sufficient to disallow the amendment.

The second general objection to the amendments is that they contain many claims not made in the original complaint and not contained in the original EEOC charges, and thus enlarge the cause of action beyond the jurisdictional basis allowed in Title VII of the Act and furthermore assert claims which were not asserted within the ninety days of plaintiff's receipt of the "right to sue" letter of the EEOC.

[2] The amended complaint recites nine new particularized areas of alleged discrimination which the defendant claims were not set forth in the original complaint or in the EEOC charges. As we stated in a similar case, Vallo et al. v. The Great Atlantic and Pacific Tea Co., et al., Civil Action No. 72–871, on April 4, 1974:

> "Our reading of the proffered amended complaint indicates to us that the eight specifications now offered by the amended complaint are in the form of a bill of particulars or a more specific complaint in support of the generalized allegations made in the original complaint. We do not believe that they introduce any new or different elements into the law suit from those originally posed in the original complaint."

In view of the rule that amendments are to be liberally allowed we do not believe that the introduction of these specifications poses undue hardship on the defendant. They all concern the central issue of an allegation of discriminatory employment practices suffered by women employees. The plaintiff's statement of claim in the original complaint alleged separate entry classifications; limited promotional opportunities; lower wage rates; a classification, promotional and seniority system; and system of compensation; all discriminating against female employees. We believe this original statement to be sufficiently broad to encompass all of the particulars now offered in the amended complaint,

and we will allow the proffered amendment with respect to these allegations. Martin v. Virgin Islands Natl. Bank, 455 F.2d 985 [3rd Cir. 1972); Rural Fire Protection v. Hepp, 366 F.2d 355, 362 [9th Cir. 1966]; Artman v. International Harvester Co., 355 F.Supp. 476, 480 [W.D.Pa.1972]; 3 Moore's Federal Practice ¶ 15.15[3], p. 1025 [1974 ed.].

The third amendment offered is the addition of a count asserting a cause of action under 42 U.S.C. § 1985(3). While defendant objects to this proffered amendment we believe that some of the matters raised by defendant at this time are premature. Plaintiff only seeks now to allege that the facts recited in support of its Title VII cause of action also constitute a cause of action under 42 U.S.C. § 1985(3). We believe that the adequacy of the pleadings or the evidence to support a § 1985(3) cause of action may properly be attacked by summary proceedings at some later stage of this litigation, but at this moment we are only considering the propriety of allowing an amendment to plaintiff's complaint to assert that § 1985(3) gives a cause of action on the facts recited in the complaint. We believe that the only proper objection to the amendment at this time lies in possible prejudice to defendant as a result of the interjection of an entirely new element into a law suit which has been pending for some time. Longbottom v. Swaby, 397 F.2d 45, 49 [5th Cir. 1968]; Matlack v. Hupp Corp., 51 F.R.D. 151, 161–163 [E.D.Pa.1972]; Williams v. United States, 405 F.2d 234, 237 [5th Cir. 1968]. We see no handicap to the defendant to face the claim of a § 1985(3) cause of action if the facts pleaded in the complaint in support of the other causes of action also support the 1985(3) cause of action, (Matlack v. Hupp Corp., cit. supra; Martin v. Virgin Islands Natl. Bank, cit. supra; Gunnip v. Warner Co., 43 F.R.D. 365 [E.D. Pa.1968]; Williams v. Thomas Jefferson University, 58 F.R.D. 536 [E.D.Pa. 1973]) and the appropriate jurisdictional requirements are met. We do not at this time determine the question of the jurisdictional sufficiency of the § 1985(3) cause of action, or any objections or defenses that may be raised to it. We are only now considering the allowance of an amendment over the possible objection of prejudice.

The only grounds of prejudice that we can see at this time arise from the lateness of the proffered amendment and its effect upon the defendants' preparation of this law suit and the defendants' ability to defend against such a claim at this time.

We have some trouble with the question of the statute of limitations upon recovery of damages under a § 1985(3) count at this time. Under the Title VII cause of action back pay would be limited to a period of two years prior to the filing of the plaintiff's EEOC charge, February 3, 1972, and thus liability for damages could not go back beyond February 3, 1970. Prior to the commencement of this action the defendant had closed all operations in its Youngstown division which included the geographical area covered by the representative party and the class she purports to represent here. The defendant has discarded a great many of the pertinent records, removed the remaining records, and discharged and probably lost contact with the employees concerned. All this was done prior to the commencement of this law suit and was the probable basis for the earlier ruling limiting discovery to 1968 and subsequent years.

We believe defendants face a considerable burden of prejudice were we to allow the § 1985(3) claim to relate back to the date of the filing of the original complaint in this action. While plaintiff might file a § 1985(3) complaint at this date and take advantage of a possible much larger period of limitation, the defendant could not be heard to complain, but to allow the plaintiff to insert a § 1985(3) claim at this time and by

the process of relating back make the effective date of that claim the date of filing of the original complaint in this action very substantial prejudice could accrue to defendant and would in our mind justify the denial to amend.

Therefore, our allowance of an amendment asserting a § 1985(3) claim will be made under conditions which minimize the obvious prejudice to the defendant. While the plaintiff individually, or on behalf of a class, might file a new action today asserting a violation of rights under § 1985(3) the statute of limitations on the allowable damages would begin to run from the date of such filing. Ordinarily, if the newly asserted cause of action were allowed as an amendment to the present pleading they would relate back for the purposes of applying the appropriate statute of limitation to the date of filing of the original complaint. Because the defendant has ceased all operations in the relevant area under this law suit, has removed or discarded its records, and has terminated its relationship with all of the employees who would be members of the class, it is obviously in a position of difficulty. If by the device of allowing the amendment and relating the amendment back to the date of filing of the original complaint we greatly enlarge any applicable statute of limitations, the prejudice to the defendants is apparent. We will, therefore, allow the amended allegation of a cause of action under 42 U.S.C. § 1985(3) only on the condition that the plaintiff waive the relation back of the filing and assert no claim for damages beyond the period of limitations which would apply were an entirely new complaint asserting the cause of action under 42 U.S.C. § 1985(3) be filed on the date of the allowance of this amendment. See 3 Moore's Federal Practice, 2nd ed. § 15.08(6), and cases cited thereunder for authority for the propriety of allowing amendments subject to conditions. With respect to all particulars in which leave to amend is granted the court is not now passing on the sufficiency of the proposed pleading. The allowance of amendment over the objection here raised by the defendants does not estop the defendants from any later attack upon the allegations made.

> "[I]nsufficiency is not a basis for refusing the amendment if it is not frivolous . . .". Harvey v. Eimco Corp., 32 F.R.D. 598, 600 [E.D.Pa. 1963].

The only question before the court is whether or not permitting the amendment would work prejudice to the defendants. Riss & Co. Inc. v. Local 107 International Brotherhood of Teamsters, et al., 27 F.R.D. 7 [E.D.Pa.1961].

The nature of the objections raised by the defendants here go largely to the sufficiency and the merits of the proposed amendments rather than to the right of the plaintiff to assert them at this time, or the prejudice of the defendants to face them at this time. Since the objections made during the course of the argument on the present motion for leave to amend and in the briefs in support thereof raise serious and detailed objections to the merits of the proposed amendments and their legal sufficiency under the controlling provisions of Title VII and § 1985(3), we believe that more extended consideration should be given to any attack upon their legal sufficiency than is proper in considering a motion for leave to amend. All of such amendments as are permitted here are granted without prejudice to any defense or objection which the defendants may deem proper to raise in subsequent proceedings under this complaint.

Now, therefore, this 9th day of May, 1974, the motion of plaintiff for leave to amend her complaint is granted with the exception of any amendment enlarging the geographical area of defendants' operation beyond that set forth in the original complaint, i. e., those retail outlets of the defendant covered by the collective bargaining agreement with Local 590 of co-defendant Union, and subject to the limitation that the amend-

ment asserting a cause of action under 42 U.S.C. § 1985(3) shall not relate back for the purpose of the applicable statute of limitation to the date of the filing of the original complaint, but shall be effective for the purpose of limitation of action from the date when said amended pleading is filed.

Ordered filed.