Inman L. JONES, Jr.

v.

**Officer David A. WATERS and Detective Donald Butler.**

No. 82–0234.

United States District Court,
E.D. Pennsylvania.

April 21, 1983.

**544**

Fredrick C. Hanselmann, German, Gallagher & Murtagh, Philadelphia, Pa., for plaintiff.

Linda S. Sonnenberg, Asst. City Sol., City of Philadelphia, Law Dept., Philadelphia, Pa., for defendants.

## MEMORANDUM

LUONGO, Chief Judge.

Defendants in this civil rights action instituted under 42 U.S.C. § 1983 move pursuant to Fed.R.Civ.P. 15(a) to amend their answer to assert the defense of the statute of limitations. The motion is opposed by plaintiff, Inman L. Jones, Jr., on the ground of undue prejudice. Finding no showing of undue prejudice to plaintiff, I will grant the motion to amend.

Fed.R.Civ.P. 15(a) provides that leave to amend "shall be freely given when justice so requires." The rule is applied liberally. "[T]he courts have not been hesitant to allow amendments for the purpose of presenting the real issues of the case, where the moving party has not been guilty of bad faith and is not acting for the purpose of delay, the opposing party will not be unduly prejudiced, and the trial of the issues will not be unduly delayed." 3 *Moore's Federal Practice* ¶ 15.08[2]. As I recognized in *George McArthur & Sons, Inc. v. SafePlay Mfg. Co.*, 32 F.R.D. 229 (E.D.Pa.1962), absent a showing of bad faith or substantial prejudice, a motion to amend to raise the statute of limitations defense is ordinarily granted. *E.g., Joplin v. Bias*, 631 F.2d 1235 (5th Cir.1980); *McIndoo v. Burnett*, 494 F.2d 1311 (8th Cir.1974); *American Electric Power Co. v. Westinghouse Electric Co.*, 418 F.Supp. 435 (S.D.N.Y.1976); *Lombard v. Board of Education*, 407 F.Supp. 1166 (E.D.N.Y.1976); *Eastridge v. Fruehauf Corporation*, 52 F.R.D. 129 (W.D.Ky.1971); *Harvey v. Eimco*, 32 F.R.D. 598 (E.D.Pa.1963); *Emich Motors Corp. v. General Motors Corp.*, 15 F.R.D. 354 (N.D.Ill.1953), aff'd, 229 F.2d 714 (7th Cir.1956).

Plaintiff states that he would be seriously prejudiced were I to permit defendants to now raise the defense of the statute of limitations, but he has offered no support for this broad assertion. He does point out that more than a year has elapsed since defendants filed their original answer to the complaint, but he does not explain how he is prejudiced by this delay. There is nothing to suggest that defendants failure to earlier assert the defense is attributable to bad faith on their part. *Cf. Strauss v. Douglas Aircraft Co.*, 404 F.2d 1152 (2d Cir.1968) (amendment to assert statute of limitations would not be permitted after 4-year delay since opposing party could have filed protective action in another jurisdiction if defense were timely raised). Furthermore, the proceedings have not progressed beyond the pleading stage and no discovery has been taken. *Cf. McGraw v. Matthaei*, 388 F.Supp. 84 (E.D.Mich.1972) (motion to amend to assert statute of limitations denied where made on last day of trial). Since this is a matter committed to the court's discretion, in the absence of a showing of undue prejudice to plaintiff or bad faith on the part of defendants, I exercise my discretion to grant defendants' motion to amend their answer to raise the defense of the statute of limitations.

In light of the fact that defendants are now being permitted to raise the defense of the statute of limitations, I will grant plaintiff's request for additional time to respond to defendants' pending motion for summary judgment.