Joel Lewin, Snyder, Tepper & Comen, Boston, Mass., for plaintiff.

Philip R. White, Jr. and Rainer M. Kohler, Hutching & Wheeler, Boston, Mass., David S. Safran, Sixbey, Friedman & Leedom, Falls Church, Va., for defendants.

**NEW BALANCE ATHLETIC SHOE, INC., Plaintiff,**

v.

**PUMA USA, INC., Puma–Sportschuhfabriken Rudolph Dassler KG and Armin A. Dassler, Defendants.**

**Civ. A. No. 86–0094–K.**

United States District Court, D. Massachusetts.

April 8, 1987.

ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT

JOYCE LONDON ALEXANDER, United States Magistrate.

The plaintiff, New Balance Athletic Shoe, Inc. ("New Balance"), originally brought this action pursuant to 35 U.S.C. § 281 and the patent laws of the United States, Title 35, United States Code, alleging that the defendants had infringed United States Patent No. 4,551,930 ("the Graham Patent").

Plaintiff now seeks to amend its complaint by adding the following paragraphs:

1. This is an action for patent infringement brought pursuant to 35 U.S.C. § 281 and arising under the Patent Laws of the United States, Title 35, United States Code.

2. This court has jurisdiction over this action under Title 28, United States Code, Section 1338(a). Venue in this district is proper under Title 28, United States Code, Sections 1391(d) and 1400(b).

3. New Balance is a corporation organized and existing under the laws of the Commonwealth of Massachusetts having its principal place of business at 35 Everett Street, Boston, Massachusetts 02134.

4. Defendant, Puma U.S.A., Inc. (Puma US), is a corporation organized and existing under the laws of the State of Delaware, having a regular and established place of business at 492 Old Connecticut Path, Framingham, Massachusetts 01701. Puma US has committed acts of infringement at this place of business and elsewhere within this district as hereinafter alleged.

5. Defendant, Puma AG Rudolph Dassler Sport (Puma AG), is a corporation existing under the laws of the Federal Republic of Germany having its principal place of business at Wuerzburger Strasse 13, Postfach 1420, D–8522 Herzogenaurach, West Germany and having a regular and established place of business within this district at 492 Old Connecticut Path, Framingham, Massachusetts 01701. Puma AG is the corporate legal successor in interest to Puma–Sportschuhfabriken Rudolph Dassler KG, an original defendant in this action.

6. Defendant, Armin A. Dassler (Dassler), is a citizen of the Federal Republic of Germany having a mailing address at Wuerzburger Strasse 13, Postfach 1420, D–8522 Herzogenaurach, West Germany and has a regular and established place of business within this district at 492 Old Connecticut Path, Framingham, Massachusetts 01701.

7. On information and belief, Puma US is a wholly owned subsidiary and the alter ego and/or agent of Puma AG and/or Dassler. Puma AG and/or Dassler have been doing business and have committed acts of patent infringement directly and through their subsidiary alter ego and/or agent within this district.

8. On November 12, 1985, United States Letters Patent No. 4,551,930 to Kenneth W. Graham et al (the Graham patent) was duly and legally issued to New Balance as assignee of the inventors named therein for an invention relating to footwear.

9. Since its date of issue, New Balance has been and still is the lawful owner of all right, title and interest in and to the Graham patent.

10. On September 15, 1981, United States Letters Patent No. 4,288,929 to Edward J. Norton, et al (the Norton patent) was duly and legally issued to New Balance as assignee of the inventors named therein for an invention relating to footwear. On May 14, 1985, based on prior art unknown to New Balance or the inventors at the time of the filing of or during the prosecution of the Norton patent, New Balance filed pursuant to 35 U.S.C. § 301–307. Request for Reexamination No. 90/000,781 for the Norton patent. A reexamination certificate for the Norton patent issued on February 18, 1986, amending claims 1 and 8 thereof.

11. Since its date of issue, New Balance has been and still is the lawful owner of all right, title and interest in and to the Norton patent.

12. On information and belief, defendants have been and still are infringing, contributing to the infringement of and inducing the infringement of the Graham and Norton patents within this district and elsewhere throughout the United States by making, using and selling footwear embodying the subject matter of at least one of the claims of

the Graham and Norton patents without the consent or authority of New Balance.

13. On information and belief, defendants' acts of infringement have been deliberate and willful.

14. On information and belief, defendants have had constructive notice of the Graham and Norton patents and their infringement thereof.

15. On information and belief, defendants will continue to infringe, contribute to the infringement of and induce the infringement of the Graham and Norton patents unless enjoined by this court.

## I. CHANGING THE CORPORATE NAME

Defendants have no objection to plaintiff's supplementation with regard to including the correct corporate name for a party defendant which has, since the commencement of this action, changed its corporate identity.

## II. ADDITION OF PATENT INFRINGEMENT CLAIM

Defendants oppose plaintiff's motion on the ground that this motion, contrary to New Balance's contention that it is a motion to amend the complaint, is in fact a motion to supplement the complaint. An amendment, Fed.R.Civ.P. 15(a), pertains to matters which occurred before the filing of the complaint but were unknown or overlooked at the time, *Berssenbrugge v. Luce Mfg. Co.*, 30 F.Supp. 101 (W.D.Mo.1939), while a supplement pertains to any "transactions or occurrences or events which have happened since the date of the pleading." Fed.R.Civ.P. 15(d). This distinction is significant because subdivision (d)[1] of Rule 15 of the Federal Rules of Civil Procedure does not contain the mandate that "leave shall be freely given" contained in subdivision (a).[2]

The proposed amended complaint by New Balance sets forth, for the first time, pleadings with respect to the Norton patent.[3] Included in these pleadings is the fact that the claims of the Norton patent were amended as a result of a re-examination certificate issued on February 18, 1986, *subsequent* to the filing of the original complaint in this action on January 9, 1986.[4] As a result, the defendant contends that the amended claims of the Norton patent are not enforceable as to acts occurring prior to February 18, 1986.[5] Therefore, the pleadings actually set forth events which occurred since the date of the complaint.[6]

However, the fact that the Norton patent was granted a re-examination certificate on a date (February 18, 1986) subsequent to the filing of the original complaint on January 9, 1986, has no bearing on whether the plaintiff's proposed changes are a motion to amend or a motion to supplement the

1. (d) Supplemental Pleadings. Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor.

2. (a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

3. The "Norton Patent" is the subject of the proposed amendment.

4. Opposition and Memorandum in Opposition of Defendant Puma USA, Inc. to Plaintiff's Motion for Leave to File Amended Complaint (Def. Opp.) p. 2.

5. Def.Opp., p. 2.

6. Def.Opp., p. 2.

complaint. The important issue is whether the reissued patent is considered to be "identical" to the original patent. Defendant's argument assumes the resolution of this issue in its favor.

Section 307(b), Title 35, United States Code, provides that "[a]ny ... amended ... claim determined to be patentable and incorporated in a patent following a re-examination proceeding will have the same effect as that specified in section 252 of this title for reissued patents...." Section 252, Title 35, United States Code, provides for the surrender of an original patent for a reissued patent identical to the original patent.[7] A claim which has been modified or amended during a re-examination proceeding may still be an "identical" claim within the meaning of Section 252. *Akron Brass Co. v. Elkhart Brass Mfg. Co.*, 353 F.2d 704, 708–709 (7th Cir.1965). If the reissued version of the Norton patent is found to be "identical" to the original version, the reissued patent will have the same effect for the purposes of this litigation as the original patent.

■ The precise issue of whether the reissued patent is "identical" to the original is not one that should be decided by this Court within the context of this procedural motion. On a motion for leave to amend, it is not generally the function of the court to pass upon the sufficiency of the proposed pleading. *Johnson v. Helicopter & Airplane Services Corp.*, 389 F.Supp. 509, 514 (D.Md.1974); *Key Pharmaceuticals, Inc. v. Hans Lowey*, 54 F.R.D. 447 (S.D.N.Y.1972); *Christ v. Vending Enterprises, Inc.*, 27 F.R.D. 516 (E.D.N.Y.1961). As a consequence, this court finds that New Balance's proposed new complaint should be considered as amended.

■ The standard by which the federal courts are to determine Rule 15(a) motions was set forth in the case of *Foman v.*

*Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962):

> If the underlying facts or circumstances relied upon by the plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim upon the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiency by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should as the rules require, be "freely given."

However, this liberal attitude does not mean that leave to amend must be granted in all cases. The courts must follow the standard set by Rule 15(a) that pleadings may be amended "when justice so requires." "This standard implies its negative; when injustice such as undue prejudice would occur, amendments may not be made," *Johnson, supra* at 513–14.

Puma has failed to satisfy the Court that it will be prejudiced by amending the complaint. Courts have freely granted leave to amend complaints to introduce both new and additional patents. In the case of *Jenn–Air Products Co. v. Penn Ventilator, Inc.*, 283 F.Supp. 591 (E.D.Pa.1968), plaintiff sought to add a number of amendments to the complaint, including a new cause of action charging the defendant with infringement of two additional patents. Though the plaintiff delayed in bringing these causes of action, the court found that the "delay itself will not serve as a basis for denying ... [the] motion unless the defendant is prejudiced.... Moreover, such prejudice ordinarily is not considered to have occurred unless the motion is made during or after the actual trial." *Jenn–Air Products Co., supra* at

---

7. Section 252 reads in pertinent part:

   The surrender of the original patent shall take effect upon the issue of the reissued patent, and every reissued patent shall have the same effect and operation in law, on the trial of actions for causes thereafter arising, as if the same had been originally granted in such amended form, but in so far as the claims of the original and reissued patents are identical, such surrender shall not affect any action then pending nor abate any cause of action then existing, and the reissued patent, to the extent that its claims are identical with the original patent, shall constitute a continuation thereof and have effect continuously from the date of the original patent....

594. The Court further stated that since the trial had not started and only initial discovery had been completed the defendants could adequately prepare their defense to accommodate these new claims before the case was scheduled for trial. Such is the case here. Since the defendants have completed only initial discovery, they should be able to prepare their defense to these new claims.

Similarly, in *Innersprings, Inc. v. Joseph Aronauer, Inc.*, 27 F.R.D. 32 (E.D.N.Y. 1961), the plaintiffs sought to amend their complaint to add a cause of action for infringement of an additional patent. According to the plaintiffs, the information concerning infringement of this additional patent came into their possession after they had filed their original complaint. The Court allowed the amendment specifically referring to the mandate of Rule 15, Rules of Civil Procedure, that leave to amend a pleading shall be freely given by the court when justice so requires. As in the case *sub judice*, the information came into the possession of the plaintiff after the original complaint was filed. Moreover, as noted above, since discovery is only in its initial stages and a date has yet to be set for trial, the defendant will not be prejudiced by amending the complaint.

The Court also finds that while the issues in this case may be complex for a jury to consider, the "overlap of proof suggests that consideration of convenience, continuity and confusion avoidance would, in fact, favor [a] consolidated presentation of the evidence....", *Brad Ragan, Inc. v. Shrader's, Inc.*, 89 F.R.D. 548, 550 (S.D.Ohio 1981).

Accordingly, the Plaintiff's Motion to Amend the Complaint is ALLOWED.

SO ORDERED.