SOCIETE NORGAN et al. v. SCHERING CORPORATION.

Civ. No. 8280.

District Court, D. New Jersey.

Sept. 11, 1946.

McCarter, English & Studer, of Newark, N. J., for plaintiffs.

Milton, McNulty & Augelli, of Jersey City, N. J., for defendant.

SMITH, District Judge.

This is a civil action in which the plaintiffs seek first, the recovery of royalties allegedly due and owing on July 31, 1939 and January 31, 1940, respectively, under the agreements annexed to the complaint; and second, an accounting for royalties accruing since January 1, 1940, and now due and owing under the said agreements. The action is before the Court at this time on the motion of the defendant for a more definite statement and a bill of particulars, filed pursuant to Rule 12(e) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. This motion is resisted on two grounds: first, that the motion is defective, and second, that the complaint is insufficient under Rule 8(a) of the said Rules. The first ground is without merit and need not be considered.

There is no contention that the complaint is ambiguous and indefinite. Such a contention would, in fact, be untenable because the allegations of the complaint are clear and concise, and, if true, sufficient to support the plaintiff's claim for relief. The principal argument urged in support of the present motion is succinctly stated in the following paragraphs of the defendant's brief:

"The defendant, Schering of New Jersey, was until 1941, a part of the international pharmaceutical cartel headed by Schering A. G. of Berlin. Its predecessor in interest, Schering of New York, was also a member of the same international organization. It was while Schering of New Jersey was a part of this international combination that the 1935 agreement with Norgine was consummated. All the alleged transactions between the aforesaid Norgine and the defendant, took place while the German interests representing Schering A. G. of Berlin were in control of the defendant. Because of its German control the Alien Property Custodian vested the stock of Schering of New Jersey in 1941 and subsequently the old management which was familiar with the matters alleged in this complaint was replaced by the present officers and directors.

"The men who are now actively managing the affairs of Schering of New Jersey found themselves in this position when they were faced with this litigation. They did not have and could have no way of getting the information which they needed to file a

satisfactory answer or to prepare for trial, unless they could acquire the necessary information by means of a more definite statement and a bill of particulars. *Any information concerning the matters alleged in this complaint which remained in defendant's files after the change in management was of such a meager nature that no satisfactory responsive pleading could be prepared from it.* Because then of this unusual situation, namely the presence of a new management totally unfamiliar with the matters alleged in the complaint, a situation brought about through the action of the Alien Property Custodian in removing the former management, all the information sought at this time should be given to the defendant by the plaintiffs if the defendant is to be able to prepare properly its responsive pleadings." (Emphasis by the Court.)

■ It is obvious that the fault, if any, is not in the allegations of the complaint but in the defendant's lack of adequate information. This, however, does not entitle the defendant to a more definite statement or a bill of particulars. The rule under which the present motion is brought expressly provides that: "A party may move for a more definite statement or for a bill of particulars of *any matter which is not averred with sufficient definiteness or particularity* to enable him properly to prepare his responsive pleading or to prepare for trial." The present motion is clearly beyond the prescribed limitation.

The defendant specifically complains that without the information it now seeks it will be unable to prepare a "satisfactory responsive pleading." We direct the attention of the defendant to Rule 8(b), wherein it is provided that a party "without knowledge or information sufficient to form a belief as to the truth of an averment, * * * shall so state and this (shall have) the effect of a denial." An answer in compliance with this provision would seem to be an adequate responsive pleading under the present circumstances.

It is our opinion that the information which the defendant now seeks is evidential and may be obtained by proper proceedings under Rules 26, 27, 30, 31 and 34.

■ The defendant has expressed some apprehension that there may be available affirmative defenses of which it now has no knowledge. It is our opinion that the defendant is unduly apprehensive. If discovery under the rules hereinabove referred to discloses such defenses, the Court may grant leave to amend the pleadings pursuant to Rule 15, which expressly provides that such "leave shall be freely given when justice so requires."

The motion is denied.