## DONOHUE v. NEW YORK LIFE INS. CO.
### Civ. No. 2249.

United States District Court
D. Connecticut.

March 16, 1949.

See also 88 F.Supp. 594.

Thomas J. Birmingham, Hartford, Conn., Clayton L. Klein, Waterbury, Conn., for plaintiff.

Morris Tyler, Gumbart, Corbin, Tyler & Cooper, New Haven, Conn., for defendant.

SMITH, District Judge.

This is an action by an insured for reformation of a life insurance contract. On March 8, 1949 the defendant insurer filed a motion pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A., requesting leave to amend its original answer, filed December 31, 1947, adding thereto a fifth defense. The substance of the fifth defense is that the incontestability provision of the contract is a bar to any suit for reformation.

The right to amend a pleading is addressed to the discretion of the Court. Great liberality should be exercised where the party has not been guilty of bad faith, is not acting for purposes of delay, and the opposing party will not be unduly prejudiced or the trial of the issue unduly delayed. 3 Moore's Federal Practice (2 Ed.) pp. 828–830.

Now, more than fourteen months after the filing of its original answer, the defendant seeks to amend its answer on the ground that a case holding an incontestability clause in a policy of insurance to be a good defense to a suit for reformation by an insurer against its insured has just come to the attention of its attorneys and constitutes a good legal defense to the present action. Cf. Richardson v. Travelers Insurance Co., 9 Cir., 171 F.2d 699. The Richardson case was decided on December 13, 1948 and was reported in the advance sheets, 171 F.2d No. 4, dated February 14, 1949. Plaintiff claims that the motion is untimely and further argues that the defense which defendant seeks to add to its answer does not constitute a sufficient

legal defense to an action for reformation by the insured.

■ Mere delay is not enough to bar the amendment, but leave to amend an answer adding a defense will not be allowed where that defense is clearly insufficient at law. Canister Co., Inc., v. National Can Corp., D.C., 1946, 6 F.R.D. 613. Such is not the case here.

The Ninth Circuit, in a split decision, held in the Richardson case that the insurer was barred by the incontestability clause of the life insurance policy from reformation for its own benefit on the ground of an alleged mistake of its own employes. This decision conflicts with the leading case in the Tenth Circuit, where the Court of Appeals ruled that a suit for reformation by the insurer "is not a contest of the policy, but a prayer to make a written instrument speak the real agreement of the parties." Columbian National Life Insurance Co. v. Black, 1929, 35 F.2d 571, 577, 71 A.L.R. 128.

■ Absent a ruling by the Supreme Court or the Second Circuit and in view of the conflict of decisions between the Ninth and Tenth Circuits, the Court does not feel that it should decide the question of law raised by defendant's motion for leave to amend until after a full and complete hearing. Cf. Snyder v. Dravo Corporation, D.C., 1947, 6 F.R.D. 546. But the Court is expressing no opinion at this time as to the rule of law which should be applied.

■ The defense raised by the motion to amend is not clearly insufficient. A substantial question of law does exist. Rule 15(a) of the Federal Rules of Civil Procedure expressly directs that leave to amend proceedings shall be freely granted where justice so requires. Under these circumstances, the Court, in accord with the liberal spirit of Rule 15(a), should grant leave to amend the answer.

The motion for leave to amend the answer is, therefore, granted.

The case may stand assigned for trial to the Court on Monday, April 25, 1949, at 10:30 o'clock, A.M., at Hartford.