**CONTINENTAL MANUFACTURING CORPORATION, Plaintiff,**

v.

**SCRANTON STORAGE BATTERY CORP., Defendant.**

Civ. No. 6204.

United States District Court
M. D. Pennsylvania.
June 12, 1958.

Joseph Gallagher, Scranton, Pa., for plaintiff.

Emanuel Laster, Scranton, Pa., for defendant.

WATSON, District Judge.

Plaintiff has filed a motion asking leave of the Court to file an amended complaint in this action. Defendant opposed plaintiff's motion and requested the Court to deny it.

Plaintiff instituted this action to recover a sum of money deposited with defendant to ensure performance under a written agreement between the parties. Defendant answered plaintiff's complaint and, by way of counter-claim, demanded judgment against the plaintiff in an amount in excess of plaintiff's demand. Plaintiff's attorney filed an affidavit in support of his motion to amend in which he stated, inter alia, that the motion to amend was decided upon after correspondence with the president of plaintiff corporation revealed that plaintiff had other claims for damages against the defendant which were not in the original complaint. Defendant contends that the allowance of the motion to amend will prejudice his position.

■ Rule 15(a) of the Federal Rules of Civil Procedure, 28 U.S.C., under which this motion was filed, provides that leave to amend be freely given when justice so requires. Rule 15 was promulgated to give effect to the principle that cases should be decided on their merits and not on technicalities. Copeland Motor Co. v. General Motors Corp., 5 Cir., 1952, 199 F.2d 566.

■■ This Court does not feel that defendant's position will be prejudiced should the amendment contained in plaintiff's motion be allowed. It may be that the defendant in any action, when a plaintiff is allowed to amend a complaint, will be obliged to go to some additional time and expense in order to answer the amended complaint. However, where the plaintiff is acting in good faith, is not acting for purposes of delay, and the adverse party will not be prejudiced by the allowance of the amended pleading, then the Court will grant such motion to amend. See Donohue v. New York Life Ins. Co., D.C.Conn., 9 F.R.D. 669. The Court believes that plaintiff should, in the interest of justice and to expedite the disposition of the instant case, be allowed to amend his complaint as requested. An appropriate order will be filed with this opinion.