The WASHINGTON HOSPITAL CENTER, Appellant,

v.

Arthur S. CHEEKS, Appellee.

No. 21364.

United States Court of Appeals District of Columbia Circuit.

Argued April 10, 1968.

Decided May 3, 1968.

---

10. *Id.* at 154, 348 F.2d at 766.

Messrs. John L. Laskey and Thomas Penfield Jackson, Washington, D.C., for appellant.

Mr. Joseph H. Koonz, Jr., Washington, D.C., with whom Messrs. Lee C. Ashcraft and Martin E. Gerel, Washington, D.C., were on the brief, for appellee.

Before WILBUR K. MILLER, Senior Circuit Judge, and BURGER and WRIGHT, Circuit Judges.

BURGER, Circuit Judge:

This is an appeal from a judgment of the District Court entered after a jury verdict in favor of Appellee in an action against the Appellant for alleged negligence in the care of Appellee while he was a patient. The primary issue on appeal is Appellant's claim that the District Judge erred when he permitted Appellee to call in mid-trial a medical witness not included in the witness lists required to be exchanged in advance of trial by the pre-trial order.

The pre-trial order stipulated that the parties would exchange a list of prospective witnesses in advance of trial, which was done. At trial, Appellee testified and then called his attending physician to testify. On cross-examination the doctor testified on the matter of causation of the injury in a manner unfavorable to Appellee. Counsel for Appellee expressed surprise and requested an opportunity to impeach his witness. The court recessed for the day and the following morning Appellee offered an expert medical witness, who had not been listed as a witness in accordance with the pre-trial order. Over objection, the District Judge modified the pre-trial order to permit the testimony of this witness, after first giving Appellant the opportunity to depose the witness before trial resumed. After the deposition, this expert testified on the following day in support of Appellee's theory of negligence. Appellant claims the District Court erred in permitting modification of the pre-trial order so that the witness could testify claiming that the subject matter was of such complexity and subtlety that he could not prepare on such limited notice.

Rule 16 of the Federal Rules of Civil Procedure provides that a pre-trial order "controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice." Among the factors to be considered when a pre-trial order is modified during trial are the weighing of possible hardship to the parties and doing justice to the merits of the claim. 3 MOORE, FEDERAL PRACTICE ¶ 16.20 (1967). Here Appellant claims hardship in that effective cross-examination of the added expert witness was thwarted because he was limited in time to prepare for such examination. Appellant further argues that liberal modification of pre-trial orders encourages careless preparation of the case by the attorneys involved. However, it is equally true that "an unswerving insistence upon every provision, under all circumstances, may work grave injustice in individual cases * * *." Christenson, The Pre-Trial Order, 29 F.R.D. 362, 371 (1961); see Scott v. Spanjer Bros., Inc., 298 F.2d 928, 931 (2d Cir. 1962).

The District Judge must, of course, have broad discretion since he is in a far better position to evaluate the situation than are we. Here the District Judge sought to do justice to

the merits of the Appellee's claim by permitting an added witness to testify upon a genuine showing of surprise by Appellee. He balanced this, to protect Appellant's interest, by permitting this added witness to be deposed during a recess of court and before testifying.[1] Appellant alleged lack of adequate time for preparation to cross examine notwithstanding the deposition taken the previous day. However, we must assume Appellant's counsel was prepared to cross-examine all opposing, expert medical witnesses on the expectation that they would testify consistent with the theory of Appellee's case. Appellant's counsel did not seek any other possible alternative, such as a longer continuance or mistrial. He sought only to exclude the added testimony. Our most recent holding on the subject is apropos:

> But while the pre-trial order may be the beginning, it is never the end of a matter of this sort. It normally "controls the subsequent course of the action," but not if it is "modified at the trial to prevent manifest injustice." The judicial function does not terminate upon discovery that an issue is unspecified, but extends to a determination as to whether the ends of justice implore that the issue nonetheless be introduced into the litigation. This frequently involves a delicate balance of competing considerations, variable from case to case, in order that the decision may be soundly made. And absent perceptible irregularity in a process so largely discretionary, we are loath to disturb the result.

Manbeck v. Ostrowski, 128 U.S.App. D.C. 1, 6, 384 F.2d 970, 975 (1967).[2] We hold the District Judge did not abuse his discretion when he modified the pretrial order in this case to permit the testimony of an added expert witness. *Cf.* Texas & Pacific Ry. Co. v. Buckles, 232 F.2d 257, 260 (5th Cir.), cert. denied, 351 U.S. 984, 76 S.Ct. 1052, 100 L.Ed. 1498 (1956).

We have examined other alleged errors and find no basis for disturbing the judgment.

Affirmed.

1. *Cf.* Laird v. Air Carrier Engine Serv., Inc., 263 F.2d 948 (5th Cir. 1959).

2. *See also* McKey v. Fairbairn, 120 U.S. App.D.C. 250, 253, 345 F.2d 739, 742 (1965); Gould v. DeBeve, 117 U.S.App.

D.C. 360, 362 n. 2, 330 F.2d 826, 828 n. 2 (1964); Meadow Gold Prods. Co. v. Wright, 108 U.S.App.D.C. 33, 278 F.2d 867 (1960); Phoenix Mut. Life Ins. Co. v. Flynn, 83 U.S.App.D.C. 381, 382, 171 F.2d 982, 983 (1948).