**Ethel C. DEAKYNE**

v.

**COMMISSIONERS OF LEWES, a Delaware corporation, Board of Public Works, a quasi corporate body, Gilbert M. Wiltbank, Daniel H. C. Littleton, William T. Manning, Clayton H. Ellis, Thomas B. Morris, Sr., Perry T. Burton, and Bayard Coulter.**

Commissioners of Lewes, a Delaware corporation, Board of Public Works, a quasi corporate body, Gilbert M. Wiltbank, Daniel H. C. Littleton, William T. Manning, Clayton H. Ellis, and Thomas B. Morris, Sr., Appellants.

No. 17437.

United States Court of Appeals Third Circuit.

Argued March 25, 1969.

Decided Sept. 23, 1969.

William O. LaMotte, III, James M. Tunnell, Jr., Morris, Nichols, Arsht &, Tunnell, Wilmington, Del., for appellants.

Basil C. Clare, Chester, Pa. (Clement C. Wood, Wilmington, Del., on the brief), for appellee.

Before SEITZ, ALDISERT and STAHL, Circuit Judges.

## OPINION OF THE COURT

STAHL, Circuit Judge.

This is an appeal from a judgment in a diversity suit brought by an owner of land against a Delaware municipal corporation.[1] Plaintiff-appellee, Ethel C. Deakyne, a citizen of Pennsylvania, brought this action to recover damages caused by an alleged trespass by appellants, the Commissioners of Lewes, the Board of Public Works and others (hereinafter sometimes referred to as Town), when they caused a sewer line to be installed in 1962 under a roadway which traversed a parcel of land appellee then owned in Lewes. Deakyne claimed that the road was part of her property and that the sewer line interfered with possible commercial exploitation of the property as a marina, resulting in a decrease in its market value.

The key issue in this appeal is whether the district court erred in refusing to include in its charge to the jury an instruction on a Delaware stat-

[1]. The lower court decision is reported at 44 F.R.D. 425 (D.Del.1968).

ute,[2] which appellants now claim to constitute a complete legal defense to the alleged trespass. In order to better comprehend the ultimate basis for the lower court's refusal to charge on the statute, it is necessary to relate the course of the litigation by reference to the pleadings, the pretrial proceedings, and the trial:

I. In paragraph 10 of their answer to the complaint, labeled "AFFIRMA-TIVE DEFENSE," appellants asserted:

> 10. In or about the year 1937, the aforementioned Anglers Road was constructed by the Commissioners of the Town of Lewes with public funds as and for a public road and the same has been continuously in use as a public road from 1937 to the present and has at all times been maintained through the use of public funds as a public road. Appendix (App.) 7a.

The district court recognized that,

> While the answer did not expressly mention 17 Del.C. § 509, its language brought the defense within the terms of the statute. In effect, the answer pleaded the statute. 44 F.R. D. at 426.[3]

II. The original pretrial order of May 10, 1967, submitted by the parties, contained, *inter alia*, the following points:

### ISSUES OF LAW TO BE LITIGATED

1. May a municipality acquire title by adverse possession to a road?

2. Was Anglers Road subject to an easement in the general public by virtue of a prescriptive right?

\* \* \* \* \* \*

(App. 24a.)

III. During the pretrial conference conducted the same day, May 10, 1967, the following colloquy took place be-tween the court and counsel for the Town:

THE COURT: \* \* \*

The defendant concedes that if plaintiff is right in its contention ["that as a matter of law a munici-pality cannot acquire title to land by adverse possession" App. 20a], then the defense of adverse possession must fall.

Then I am going to talk about your second theory of defense. We have talked about adverse possession. Now what is your alternate theory?

MR. RAYSOR: Your Honor, it is not really a legal defense by way of justifying the laying of the sewer line. As I say, it goes more to the question of damages.

THE COURT: Now, let me stop you here. Then you have simply one defense, and that is adverse pos-session.

MR. RAYSOR: Yes.

THE COURT: All right. Put that down. The only defense to liability which the defendant asserts is that of adverse possession. \* \* \* (App. 21a.)

IV. As a result of the pretrial con-ference, a supplemental pretrial order was entered on the first day of the trial, May 15, 1967, providing, *inter alia*, as follows:

### I. AS TO THE ISSUE OF LI-ABILITY

\* \* \* \* \* \*

D. The defendants assert title in the Town of Lewes as the only de-fense and, in spite of the claim of the plaintiff to record legal title, the Board of Public Works bases its right to construct the sewer under the bed of Anglers Road on the theory that when the sewer line was con-structed, the Town of Lewes was the owner of Anglers Road where the

---

2. 17 Del.C. § 509, set forth in note 4, *infra*.

3. Scott v. Baltimore & O. R. R., 151 F. 2d 61, 63 (3d Cir. 1945), supports this position.

line was located by virtue of adverse possession arising from its open, notorious, exclusive and hostile exercise of dominion over the same under a claim of right.

E. The plaintiff asserts that as a matter of law, a municipality cannot acquire title to private land by adverse possession.

F. The defendants concede that if a municipality cannot acquire title to private land by adverse possession, then the defense of adverse possession must fall. App. 28a–29a.

The supplemental pretrial order stated further, under the caption "AS TO DAMAGES":

B. The defendants assert that the public acquired an easement over Anglers Road through twenty years uninterrupted use under a claim of right and that this prescriptive right would prevent interference by the plaintiff with Anglers Road under which the sewer line is laid. App. 29a.

V. During the second day of the trial, after the appellee had rested and the Town had begun to present its case, the court called counsel for the parties into conference in chambers when an objection was made to proffered testimony showing the use of public funds to maintain the road. App. 32a. At this conference the trial judge called to the attention of the parties the provisions of 17 Del.C. § 509,[4] relating to the creation of public roads by public user and maintenance.

The trial judge indicated he was not certain what significance the statute had but that he thought "it ought to be considered." Counsel for appellee countered that he was "familiar with that act" and that it "has nothing to do with the situation at hand" because it "pertains to dedication, and most of the cases—I would say all the cases there are cases where a plot plan has been recorded and laid out, and so forth." (App. 33a–34a.)

Counsel for the Town remained silent during this discussion.

VI. The trial then continued with the presentation of further evidence by appellants, including testimony by present and former employees of the Town as to the public use and public maintenance of the road, the kind of evidence which would seem to fit the requisite elements of 17 Del.C. § 509. Appellee's counsel objected to the testimony, not expressly on the ground that it related to a different theory than adverse possession, but primarily because there was no showing of "corporate action" on the part of the Town

---

4. The statute provides as follows:

All public roads, causeways and bridges laid out as such, or made by lawful authority, or which have been used as such and maintained at the public charge for 20 years or more are declared to be common highways. The usage by the public for 20 years or more of any road shall not cause the road to become a common highway or public road, unless the same has been maintained at the public charge for 20 years or more.

As discussed more fully later, this statute appears to provide a method for the establishment of public roads over private property other than under the classical common law concept of adverse possession.

If the statute is applicable, and its elements are proved by the Town, then the construction of the sewer did not constitute a trespass. This was recognized by the court in its opinion:

If the road under which the sewer was laid was a public road as defined in 17 Del.C. § 509, then the defendants were authorized to construct the sewer by virtue of 22 Laws of Delaware Ch. 196, § 4 (1901), as amended, 51 Laws of Delaware Ch. 227, § 1 (1957). That Act authorizes the Board of Public Works of Lewes to do all things necessary for the erection, maintenance and operation of a sewage disposal plant and an improved sanitary and storm sewerage and drainage system. To effect this object, the Board is empowered "to lay pipes or other apparatus under or along any public street, land or alley of said town and area served or to be served or any public roads adjacent thereto." [Footnote omitted.] 44 F.R.D. at 426–427.

authorizing the maintenance of Anglers Road with public funds. (App. 33a, 47a–48a.) The other objection to this line of testimony was the reiteration of appellee's position that a public body may not constitutionally acquire private property by adverse possession. (App. 48a.) The testimony was admitted over appellee's objection. (Trial Transcript 257–258.)

VII. At the close of the evidence, in the afternoon of May 17, 1967, the trial judge called counsel for the parties into chambers for a conference on the prayers, or instructions, to the jury. The court again queried counsel as to whether 17 Del.C. § 509 was relevant, and this time the trial judge appeared to take the lead in attempting to convince the parties that the statute was applicable to the facts here. (App. 54a–57a.) Appellee's counsel again claimed the statute was not applicable, contending that it required an initial dedication, evidently meaning a dedication by the private owner of the land not formally accepted by the public body.

This time counsel for the Town commented on the Act, replying to the trial judge that he knew of no reason why it should not be applied, and stating further,

> I have intended to ask instruction on it, your Honor. I first had to get the evidence of the maintenance at public funds in. (App. 56a.) [5]

The court then recessed the conference and asked the parties to research the question for later consideration.

After the conference resumed the same day, the trial judge informed counsel that he would charge on the statute, even setting forth the exact language he proposed to use after giving the text of the statute:

> If you find, members of the jury, that the portion of Marsh Road be-

tween Market Street and the Anglers Association Restaurant or the Anglers Restaurant has been used and maintained at the public charge for 20 years or more, you may find it to be a common highway. But if you fail to find that such road has been used and maintained at the public charge for 20 years or more, you may not find it to be a public highway. (App. 58a.)

Counsel for appellee strenuously reiterated his position that the statute was inapplicable. For the first time, he argued that the Town was interjecting into the case a statutory defense and a new legal theory different from adverse possession. This began to sway the trial court in the opposite direction, because of the sole defense of adverse possession specified in the supplemental pretrial order and the failure of appellants to assert the statute specifically until the end of the trial. Counsel for the Town then proposed that the pleadings be amended to conform to the evidence, explaining that the statute was not pleaded sooner because counsel was not certain until after the entry of the supplemental pretrial order that he had a witness who could testify as to the public maintenance of Anglers Road.[6] By the end of the May 17, 1967 conference, the trial judge had decided not to charge the jury on the statute. (App. 58a–71a.)

On the following morning, appellants' counsel made a formal application "to amend the answer to conform to the evidence by pleading the provisions of" 17 Del.C. § 509. After further discussion between court and counsel, the motion for leave to amend was denied. (App. 72a–77a.)

In the charge the court referred only to the principle of adverse possession as the Town's legal defense. (App. 78a–79a.)

---

5. See Woldow v. Edgemoor Realty Co., 81 F.Supp. 800, 802 (D.Del.1949); Societe Norgan v. Schering Corp., 6 F.R.D. 367 (D.N.J.1946).

6. See note 5 *supra*, and Trial Transcript 395–Q.

VIII. The jury rendered a verdict for appellee in the amount of $16,000 in compensatory damages and $600 in punitive damages. (App. 80a.)

IX. The Town moved for a new trial, claiming that the district court erred in refusing to permit an amendment to the pleadings to conform to the evidence. (App. 81a). The motion was denied.

The court declined to grant a new trial on the ground that the statement in the supplemental pretrial order that the Town's only defense would be adverse possession "was tantamount to an abandonment of the statutory defense which defendants had initially pleaded." 44 F.R.D. at 427.[7]

The district court proceeded to explain that as a result of the Town's reticence in recognizing the applicability of the Delaware statute until after the end of the trial, coupled with the supplemental pretrial order entered on the first day of the trial, "[i]t is reasonable to conclude, in light of this combination of circumstances, that the defendants relinquished or abandoned their right to plead the defense. * * *" 44 F.R.D. at 428.

Although we are in sympathy with the lower court's probable exasperation at the Town counsel's [7a] belated recognition of the significance of the public road statute, for the reasons hereinafter set forth we believe that in the interest of justice [8] the decision should be reversed.

Each time the trial judge suggested the applicability of 17 Del.C. § 509, counsel for appellee stalwartly claimed that the statute did not apply.[9] He

---

7. Under F.R.Civ.P. 16, a "pretrial order supplements the pleadings and controls the course of the trial. * * *" La-Gorga v. Kroger Co., 275 F.Supp. 373, 385 (W.D.Pa.1967), aff'd per curiam, 407 F.2d 671 (3d Cir. 1969). See also Basista v. Weir, 340 F.2d 74, 85 (3d Cir. 1965), where we said:

> * * * [A] pretrial order when entered limits the issues for trial and in substance takes the place of pleadings covered by the trial order. * * *

In Kline v. S. M. Flickinger Co., 314 F.2d 464, 467 n. 3 (3d Cir. 1963), we pointed out that Rule 16 provides that the pretrial "order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice." See generally Annot., 22 A.L.R.2d 599 (1952).

7a. The Town's trial counsel is not appellants' counsel in this appeal.

8. See Carr v. Wisecup, 263 F.2d 157, 160 (3d Cir. 1959); American Universal Ins. Co. v. Sterling, 203 F.2d 159, 164–165 (3d Cir. 1953); Browne v. R. & R. Engineering Co., 164 F.Supp. 315, 317 (D.Del.1958), rev'd on other grounds, 264 F.2d 219 (3d Cir. 1959); Schwartz v. American Stores Co., 22 F.R.D. 38 (E.D.Pa.1958); Hirshhorn v. Mine Safety Appliances Co., 101 F.Supp. 549, 552 (W.D.Pa.1951), aff'd, 193 F.2d 489 (3d Cir. 1952).

Cf. O'Neill v. United States, 411 F.2d 139 (3d Cir. 1969), in which a plaintiff in a Federal Tort Claims Act case, unsuccessful below, raised for the first time on appeal a Pennsylvania safety statute which he claimed imposed liability on the Federal Government. Expressly citing the mandate of the Supreme Court in Hormel v. Helvering, 312 U.S. 552, 557, 61 S.Ct. 719, 85 L.Ed. 1037 (1941), that "[o]rderly rules of procedure do not require sacrifice of the rules of fundamental justice," we vacated the judgment of the district court and remanded the case for consideration of the safety act, with a direction to "afford the parties an opportunity to present additional evidence." 411 F.2d at 146.

9. In chambers, during the second day of the trial, appellee's counsel said:

> Your Honor, I am familiar with that act, and that act has nothing to do with the situation at hand. That act has to do where roads have been laid out as public roads in the first instance. It pertains to dedication, and in most of the cases—I would say all the cases there are cases where a plot plan has been recorded and laid out, and so forth. (App. 34a.)

Later, at the conference regarding jury instructions on May 17, 1967, he again stated the statute was not in point,

> [b]ecause all the cases have to do with laying out a public road. If you read those cases, every case has to do with where there was a public road laid out in the first instance or where there was a plot plan that was recorded and these

argued that the statute related only to instances where there had been an actual dedication of a road followed by twenty years public user and maintenance.

We have carefully examined all of the cases cited in support of this proposition by appellee and have made an independent search of the Delaware decisions dealing with the etablishment of public roads.

We have found no reported case which holds that 17 Del.C. § 509 applies only where there has been a prior dedication.

■ Some of the cases referred to by appellee conclude that where there is an attempted dedication not formally accepted by the public authorities, acceptance may be inferred from a specified period of public user. Kelly v. Phillips, 13 Del.Ch. 261, 118 A. 230 (1922); Reinhardt v. Chalfant, 12 Del.Ch. 214, 110 A. 663 (1920), aff'd, 12 Del.Ch. 389, 113 A. 674 (1921). But this does not mean that the *statute* also requires an unaccepted dedication before its public user and maintenance provisions become operative. In our view the statutory language leads unambiguously to an opposite conclusion.

Implicit in Biggs v. Wolfe, 40 Del. Ch. 212, 178 A.2d 482 (Del.Ch.1962), cited by both parties, is the conclusion that in the absence of dedication, a public road may be established by public user and maintenance under the foregoing statute. The court having determined in *Biggs* that there was insufficient evidence of the requisite public user, there was no need to go into the question of whether the element of maintenance for twenty years or more was present. 178 A.2d at 484. *See also* Reinhardt v. Chalfant, *supra*, 110 A. at 666, which held that an earlier version of this statute "does not apply to roads created by private dedication." [10]

■ As the district court recognized during one of the conferences in chambers, a fair reading of the statute demonstrates that the establishment of a public road by twenty years public user and maintenance is an alternative to the formal laying out of the road by dedication or otherwise and is not a requirement in addition to dedication. (App. 54a–56a.) In other words, under the statute public user and maintenance constitute a substitute for dedication. [11]

---

streets laid out on paper. \* \* \* (App. 54a.)

\* \* \* \* \*

\* \* \* I feel that that section has nothing to do, except where a public road has been laid out or offered to the public in some way. (App. 58a.)

10. In Johnson v. Stayton, 5 Harr. (Del.) 448, 449–450 (1854), in charging on a forerunner of 17 Del.C. § 509, the trial judge said:

The Legislature has qualified the common law in this State respecting roads claimed to be such by dedication. So many neighborhood roads exist by the indulgence of land owners, that the common law was considered harsh in reference to forfeiting private land by indulgence, and the Legislature has required that such a road shall have not only been used, but maintained and kept up by the public for twenty years, to make it a public road against the owner of the land.

11. McQuillin recognizes the effect of a statute of the kind in issue here:

Dedication is to be distinguished from prescription in that in the latter case a user for a prescribed number of years fixes the right without regard to the intent existing in the mind of the owner (although some cases say that after such period a dedication will be presumed), while in the case of a dedication, user is merely evidence of intent and the effect thereof is always subject to rebuttal by showing that there was no intent to dedicate. [Footnote omitted.] 11 McQuillin, Municipal Corporations § 33.02, p. 631 (3d ed. 1964).

Statutory dedications are those made pursuant to the provisions of a statute, but they are not exclusive of the common law method. Statutes and laws providing that the continuous use or maintenance of streets or places by public authorities for a designated period of time shall constitute such streets

Since we have determined that the statute under consideration offered the Town a sufficient legal defense to the charge of trespass, assuming the jury would have been satisfied that the necessary period of public user and public maintenance had been proven, the question remains whether appellants waived their right to resort to the statute by their reliance on adverse possession at pretrial and by their failure to assert the statute until the end of the trial.

Even though paragraph 10 of appellants' original answer was sufficiently broad to raise the statute as a defense, the apparent abandonment of this defense at pretrial probably made it necessary for the Town, if it wished to resurrect this defense, to seek an amendment to the answer.[12]

or public places, although sometimes referred to as dedication statutes, or implied dedication statutes, are in the nature of statutes of limitation or statutes of repose. * * * [Footnotes omitted.] *Id.* at § 33.04.

In some jurisdictions a statute * * * provides that all streets which are used, or which are used and repaired for a certain period shall be deemed to be public streets. And where a statute * * * makes the use by the public of any street or alley for a certain period of years conclusive that the land is a street or alley for all purposes, such a provision in itself operates as an acceptance where there has been a public use for the time designated. * * * [Footnotes omitted.] *Id.* at § 33.51.

For a further comprehensive discussion of the establishment of public streets by prescription and by statutes such as 17 Del.C. § 509, distinguishing the concepts of adverse possession and dedication, see 10 McQuillin, Municipal Corporations §§ 30.22–30.30 (3d ed. 1966).

12. Perhaps appellants could have sought to achieve the same result by requesting an amendment of the pretrial order. In Zielinski v. Philadelphia Piers, 139 F. Supp. 408, 414 (E.D.Pa.1956), Judge Van Dusen held that "a pre-trial order * * * may be modified at the trial if the trial judge determines from the facts which then appear that justice so requires."

In Klein v. American Luggage Works, Inc., 206 F.Supp. 924, 946–947 (D.Del. 1962), rev'd on other grounds, 323 F.2d 787 (3d Cir. 1963), the court said:

* * * Rule 16 of the Federal Rules of Civil Procedure confers upon the court power to amend the pretrial order in the course of trial to prevent manifest injustice. Defendants do not claim surprise, nor substantial inconvenience suffered as a result of the introduction of this evidence. [Footnote omitted.] Since the result of defendants' position would be to deny recovery to plaintiff, the court is of the opinion that the evidence should be admitted to prevent manifest injustice. * * *

In Washington Hospital Center v. Cheeks, 129 U.S.App.D.C. 339, 394 F.2d 964 (1968), the court held that the trial judge did not abuse his discretion in permitting the modification of a pretrial order. While recognizing the argument "that liberal modification of pre-trial orders encourages careless preparation of the case by the attorneys involved," Judge (now Chief Justice) Burger stated nevertheless that "it is equally true that 'an unswerving insistence upon every provision, under all circumstances, may work grave injustice in individual cases * * *.' * * *" 394 F.2d at 965.

In 1A Barron and Holtzoff, Federal Practice and Procedure § 473, p. 851 (Wright ed. 1960), it is stated:

* * * [A]s with all rules problems, the dominant purpose of the courts must be to do justice rather than to vindicate procedural rules.

* * * * *

* * * An erroneous pre-trial order may be modified even after the trial to conform to the facts developed on the trial. [Footnote omitted.]

In 3 Moore, Federal Practice ¶ 15.13 [1], p. 982; ¶ 16.20, p. 1138 (2d ed. 1968), the author states:

While the pre-trial order made under Rule 16 is ordinarily binding on the parties, the court may, however, modify the order "to prevent manifest injustice." And although there are decisions tending to give the pre-trial order an undue binding effect, Rule 16 should be read in light of Rule 15(b). [Footnotes omitted.]

* * * * *

* * * Failure formally to amend the pre-trial order is not error where the court admits evidence to the same extent as if the order had been amended. * * *

Interpreting the supplemental pretrial order here liberally, appellee should have anticipated some evidence of public user in support of the "prescriptive right"

We believe that under the liberal policy which characterizes the allowance of amendments under F.R.C.P. 15(b),[13] the district court should have granted leave to amend here, and that it was error not to do so. It is true, as indicated by the district court in its opinion, 44 F.R.D. at 427, that under the language of the first part of Rule 15(b) amendments to the pleadings to conform to the evidence may be made, or may be considered to have been made, "when issues not raised by the pleadings are tried by express or implied consent of the parties." The court concluded that this portion of the Rule was inapplicable because counsel for appellee had objected to the testimony of the public maintenance of Anglers Road, although as previously indicated it is not entirely clear that the objection was predicated on the attempt to interject a new issue or theory of defense into the case.

At any rate, the second part of Rule 15(b)[14] could have been, and, in our view, should have been invoked:

* * * If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence. 28 U.S.C.A.[15]

position the Town asserted in Item B of the "Damages" portion of the pretrial order. See page 293, *supra*, and App. 29a. Therefore, while the Town failed to raise the statutory defense in the final pretrial order, evidence to support the elements of the statute may have been properly admissible under another part of the order, thus minimizing any "surprise" prejudicial to appellee.

13. Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Middle Atlantic Utilities Co. v. S. M. W. Development Corp., 392 F.2d 380, 384 (2d Cir. 1968); Davenport v. Ralph N. Peters & Co., 386 F.2d 199, 204 (4th Cir. 1967); Hayes v. Philadelphia Transportation Co., 312 F.2d 522 (3d Cir. 1963); Wolff v. Calla, 288 F.Supp. 891, 894 (E.D.Pa. 1968); Harvey v. Eimco Corp., 32 F.R.D. 598 (E.D.Pa.1963); Flaherty v. United Engineers & Constructors, Inc., 213 F. Supp. 835, 839 (E.D.Pa.1961); Continental Manufacturing Corp. v. Scranton Storage Battery Corp., 22 F.R.D. 99, 100 (M.D.Pa.1958). See also cases cited in note 8, *supra*.

1A Barron and Holtzoff, *supra* note 12 at § 442; Wright, Federal Courts 250 (1963).

14. *Cf.* 3 Moore, *supra* note 12 at ¶ 15.13 [2], p. 987:

Rule 15(b) * * * is applicable to defenses as well as to claims, and to the extent to which it applies, Rule 15(b) operates as an exception to the rule that defenses not pleaded are waived. * * *

15. In Newman v. Zinn, 164 F.2d 558, 559–560 (3d Cir. 1947), we said, in an opinion by Judge Goodrich:

* * * [U]nder the Federal Rules of Civil Procedure, rule 15(b), 28 U.S.C.A. following section 723c, the plaintiff is not bound by the theory of his pleadings. He may offer his proof and conform his pleadings to the proof offered "when the presentation of the merits of the action will be subserved thereby." In this case our record is silent upon the critical point regarding this question. The plaintiffs offered certain testimony and the defendant objected to it on the ground that it was not within the theory set out in the pleadings. Then the lawyers and the judge retired to the latter's chambers to discuss the matter. The ruling on the record, after they returned, sustained the objection to the testimony. Nothing more appears about an amendment. We think the case one where, if it was deemed necessary to amend, the plaintiffs should have been permitted to do so with a right to the defendant for a continuance if the change in the direction of the development subjected him to unfair surprise. * * *

More recently, in Niedland v. United States, 338 F.2d 254, 259 (3d Cir. 1964), Judge Biggs had occasion to discuss Rule 15:

* * * Rule 15(b) provides two very different routes for amendment to conform to the issues. One route is where the issues are tried by express or implied consent of the parties. In

Professor Moore has succinctly summarized the purpose, effect and applicable standards of this portion of the Rule:

The second portion of Rule 15(b) has to do with the situation that arises where there is objection to the introduction of evidence at the trial on the ground that it is not within the issues made by the pleadings. The court may permit the pleadings to be amended in its discretion, and amendment is to be freely allowed in order to aid in the presentation of the merits of the controversy, if the opposing party is not *actually* prejudiced. The party opposing the amendment should not succeed by arguing a technical change in the "cause of action" or "defense," since that merely means "legal" and not "actual" surprise. He must show that he would be prejudiced in maintaining his action or defense on the merits by the admission of the evidence. Even if he does show that he is not prepared, and could not have been expected, to meet the evidence offered, the court may still permit the amendment, and grant a continuance to enable the objecting party to meet such evidence. Normally a court should, in such a situation, permit the amendment and grant a continuance where the person seeking the amendment has been, and is, acting in good faith, since the court can assess costs against the party at fault. This done, the amendment is usually in furtherance of justice and therefore required by the rules.[16] [Footnotes omitted.] 3 Moore, supra note 12 at ¶ 15.14.

■ We are not persuaded that appellee has shown such prejudice as to warrant a denial to the Town of the right to amend its answer, if such amendment is necessary, or to deny the Town's belated request for a charge on the statute.[17] Counsel for appellee obviously was fully aware of the statute and objected to its introduction into the case mainly on legal grounds. A continuance under Rule 15(b) would have enabled appellee to meet the evidence in support of the elements of 17 Del.C. § 509 presented by the Town. A new trial will afford appellee the same opportunity to challenge the public user and public maintenance of Anglers Road for the period required under the statute.

this case we have found implied consent. The other route is where evidence is objected to on the ground that it is "not within the issues made by the pleadings." If objection is made, the court may allow amendment to the pleadings "and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that admission of such evidence would prejudice him in maintaining his action or defense upon the merits." The court may also grant a continuance to allow the objecting party time to meet the evidence. * * *
*Cf.* Hill v. Pennsylvania Greyhound Lines, Inc., 174 F.2d 171, 173 (3d Cir. 1949).

16. *See also* 1A Barron and Holtzoff, *supra* note 12 at § 449, p. 787.
With respect to the possible assessment of "costs against the party at fault," appellants suggested in their main brief, p. 19, that it would have been proper for the district court to have declared a mistrial "at the Town's expense" and to have ordered a subsequent retrial, citing Kline v. S. M. Flickinger Co., 314 F.2d 464 (3d Cir. 1963), as contemplating such a procedure. In the new trial which we are directing herein, it may not be inappropriate for the district court, in its discretion, to place on the Town any additional costs to the appellee as a result of a retrial, such as witness fees and similar expenses, regardless of the outcome of the lawsuit. Cf. Witcjak v. Allen, 22 F.R.D. 330, 332 (E.D. Pa.1958), where the court ruled that expenses could be imposed upon a defendant where an amendment to his answer would result in additional costs to the plaintiff. *See also* Thermal Dynamics Corp. v. Union Carbide Corp., 42 F.R.D. 607 (D.N.H.1967).

17. "[T]he trial court's discretion to refuse a charge because untimely requested should be sparingly and cautiously exercised, * * *." Wilson v. Southern Farm Bureau Casualty Co., 275 F.2d 819, 822 (5th Cir.), cert. denied, 364 U. S. 817, 81 S.Ct. 49, 5 L.Ed.2d 48 (1960).

Appellee is prejudiced, of course, in that she gained a verdict which is now being reversed. But this is not the kind of prejudice contemplated by Rule 15(b).[18] Prejudice under the rule means undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party.[19] We believe that any prejudice of this nature, even if present here, is minimal and may be readily relieved by the new trial to be afforded to the parties.

We should make it clear that we are not deciding that the evidence presented by the Town was sufficient to meet the requirements of 17 Del.C. § 509. We hold only that since appellants did present testimony to support a statutory defense the district court believed directly relevant, the Town should have been given the opportunity to plead the statute and the jury should have been instructed on its applicability, with proper protection to the rights of appellee to challenge the evidence.

For the reasons heretofore set forth, the decision of the district court will be reversed and a new trial ordered.

ALDISERT, Circuit Judge (dissenting).

When this cause is remanded to the district court for a second trial on the merits, it will be for the sole reason that the trial judge abused his discretion. The trial judge will be hard put to understand where along the line he was guilty of this abuse. And so will I.

The action was an unsophisticated one brought by the plaintiff against the Town of Lewes for trespassing upon her land. The Town answered that it had acquired title to the land by adverse possession or, in the alternative, that no trespass had occurred because its presence on the land was for the purpose of improving the property.

At the pre-trial conference, however, the Town clearly indicated that it intended to pursue "simply one defense, and that is adverse possession." It was in this posture that the issue was joined for trial and evidence received. Notwithstanding this unequivocal election of one defense by the Town, the trial judge twice invited it to re-adopt its alternative line of defense during the trial, solicitously offering his observation that "it ought to be considered."

18. *Cf.* Chamberlin v. United Engineers and Constructors, Inc., 194 F.Supp. 647, 649 (E.D.Pa.1961); Schwartz v. American Stores Co., 22 F.R.D. 38 (E.D.Pa.1958); 1A Barron and Holtzoff, *supra* note 12 at § 442, p. 711.

19. Citing United States v. 47 Bottles, More or Less, etc., 320 F.2d 564 (3d Cir.), cert. denied *sub nom.*, Schere v. United States, 375 U.S. 953, 84 S.Ct. 444, 11 L.Ed.2d 313 (1963), Professor Moore states the "test should be whether the defendant would be prejudiced by the implied amendment, *i. e.*, whether he had a fair opportunity to defend and whether he could offer any additional evidence if the case were to be retried on a different theory. * * *" 3 Moore, *supra* note 12 at ¶ 15.13 [2], p. 993. In the instant case, a continuance would have enabled appellee to offer any additional evidence, directly or by way of cross-examination, to contest the testimony presented by the Town on the public use and maintenance

of Anglers Road. A new trial will afford appellee the same opportunity.

We do not believe delay alone is a sufficient measure of prejudice. In a thoughtful article on Rule 15, Donnici, The Amendment of Pleadings—A Study of the Operation of Judicial Discretion in the Federal Courts, 37 S.Cal.L.Rev. 529 (1964), the author concludes "that the element of delay is pertinent only to the extent that it combines with some extrinsic occurrence which brings about actual and significant prejudice to the opponent. It is the existence of such prejudice, not mere delay, which Federal Rule 15 establishes as a basis for denying the amendment." *Id.* at 547–548. Professor Donnici points to the language of Judge Goodrich in Kerrigan's Estate v. Seagram & Sons, Inc., 199 F.2d 694, 696 (3d Cir. 1952), that "[a]s a practical matter the only reason for not allowing an amendment is prejudice to the opposing party * * *."

On both occasions, however, counsel for the Town remained silent, in direct contrast to the plaintiff's objection to the relevancy of the defense.

Finally, after the close of all the testimony, counsel for the Town announced his intention to "ask instruction" on the thrice-rejected improvements defense, making formal application "to amend the answer to conform to the evidence." The trial judge denied the request, stating in his later opinion denying a new trial that the defendant's conduct at pretrial and during the trial was "tantamount to an abandonment of the statutory defense which defendants had initially pleaded."

On such a record, I find little room for serious consideration of the Town's claim that the trial judge abused his discretion. If there was any prejudice to the Town in the trial, it came from its own counsel table and not the bench. And neither this court nor the district court should interfere with the consequences of such a deliberate choice of trial strategy.

It is for this reason that I find it unnecessary to accord undue importance to the Town's strident argument that what will turn this case is whether the statutory law of Delaware was applicable under the testimony adduced at trial. After a scholarly discussion of this subject and the desirability of a liberal application of Federal Rule 15 (b), the majority conclude that "we are not deciding whether the evidence presented by the Town was sufficient to meet the requirements" of the statute, but only that the statute was relevant, and the "Town should have been given the opportunity to plead" it.

There is a short answer to all this. The Town was given the opportunity to plead it. The Town did plead it. The Town then changed its mind, and took its chances throughout the trial.

The sole issue presented to this court is whether the trial judge abused his discretion in refusing to permit the Town to change its mind a second time.

I do not consider such action an abuse of discretion. Gallon v. Lloyd-Thomas Co., 264 F.2d 821, 77 A.L.R.2d 417 (8 Cir. 1959); Hall v. National Supply Co., 270 F.2d 379 (5 Cir. 1959); Wilkins v. Kendle, 287 F.2d 201 (8 Cir. 1961).

Accordingly, I dissent and would affirm the judgment of the district court.