**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4007

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARCUS LEVON BADEY,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Malcolm J. Howard,
District Judge.  (CR-02-279)

Argued:  May 27, 2005          Decided:  August 26, 2005

Before MOTZ and KING, Circuit Judges, and Eugene E. SILER, Jr.,
Senior Circuit Judge of the United States Court of Appeals for the
Sixth Circuit, sitting by designation.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Jane Ely Pearce, OFFICE OF THE FEDERAL PUBLIC DEFENDER,
Raleigh, North Carolina, for Appellant.  Christine Witcover Dean,
Assistant United States Attorney, OFFICE OF THE UNITED STATES
ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF:** Thomas
P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant
Federal Public Defender, Raleigh, North Carolina, for Appellant.
Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant
United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant Marcus L. Badey challenges his conviction and sentence in the Eastern District of North Carolina for possession of a firearm by a convicted felon, in contravention of 18 U.S.C. § 922(g)(1). In his appeal, Badey contends that the trial court committed reversible error in three respects: (1) in refusing to admit a police report into evidence on his behalf; (2) in ruling that his predicate state conviction constituted a felony; and (3) in enhancing his sentence on the basis of judge-found facts. As explained below, we reject each of these contentions and affirm.

I.

On November 6, 2002, Badey was indicted on two federal firearms offenses — possession of a firearm by a felon, see 18 U.S.C. § 922(g)(1), and possession of a firearm with an obliterated serial number, see 18 U.S.C. § 922(k).[1] Badey's jury trial was conducted in the federal court at New Bern, North Carolina, in July 2003. At trial, Officer Charles Ansin of the Fayetteville Police Department testified that, on the evening of November 18, 2001, he pulled over a tan or brown Hyundai, registered to Wanda Badey

---

[1]More specifically, Count One of the Indictment alleged, in relevant part, that, on November 18, 2001, Badey, "having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed . . . a Lorcin .25 caliber pistol, in violation of Title 18, United States Code, Section[] 922(g)(1)."

3

(Badey's mother), after ascertaining that the vehicle was not insured. Badey was the driver of the vehicle, in which he carried three passengers — Stacy McCrowie, Crystal Dawson, and Dawson's niece. In response to Officer Ansin's request for a driver's license and a Hyundai registration, Badey advised that he did not have proof of identity and that the Hyundai did not belong to him. Badey falsely identified himself as "Mike Brady." After determining that there was no valid driver's license for such a person, Officer Ansin arrested Badey, requested the passengers to leave the Hyundai, and called for a canine officer.

Upon arrival of the canine officer, the driver's side door to the Hyundai was opened, and the dog alerted by scratching at the bottom of the seat. Officer Ansin then found and recovered a Lorcin .25 caliber handgun from underneath the driver's seat. He also seized a brown wallet from the top of the center console of the vehicle, containing a photo identification card for Badey. After running Badey's correct name through the proper computer files, Ansin determined that Badey's driver's license was suspended.

Officer Ansin thereafter transported Badey to the Cumberland County Jail and filled out an Incident/Investigation Report (the "Report"). Upon reviewing Badey's criminal record at the jail, Ansin remarked in Badey's presence, "You're a convicted felon, this

4

could be a federal crime."[2] Badey responded by admitting to Ansin that he had found the firearm and was attempting to sell it. Officer Ansin failed to supplement the Report with this statement, however, and he neither advised the magistrate of the statement at a bond hearing that day nor mentioned it in a subsequent court proceeding.

At trial, the prosecution also presented the testimony of two of Badey's passengers, McCrowie and Dawson, who testified that neither owned the firearm. During the Government's case, the court read the jury a stipulation by the parties that Badey had been previously convicted of a felony and that the firearm had theretofore travelled in interstate commerce.

After the Government rested its case-in-chief, Badey moved to admit the Report into evidence as part of his defense as, inter alia, an official report excepted from the hearsay rule under Federal Rule of Evidence 803(8)(C).[3] The court, however, ruled the Report inadmissible, observing that: "It would just be a waste of time to call this witness and put the report into evidence. You're

---

[2]In 1999, following a guilty plea in state court, Badey had been convicted of possession with intent to manufacture, sell, or deliver marijuana, in violation of North Carolina law, see N.C. Gen. Stat. § 90-95(a)(1).

[3]Federal Rule of Evidence 803(8)(C) provides, in relevant part, that "factual findings resulting from an investigation made pursuant to authority granted by law" is not excluded by the hearsay rule if introduced against the Government in criminal cases, "unless the sources of information or other circumstances indicate lack of trustworthiness."

proving a point that is not — that is not controverted . . . ." The court also noted that "the danger of admitting the entire report is to bring in a whole lot of other stuff that may not have a proper place in the case." Following presentation of the defense, Badey's lawyer repeated his request that the court admit the Report into evidence. The court again ruled the Report inadmissible, finding that "[it] really adds little if anything to the — state of the record," and it would not be "that helpful to the jury." Nevertheless, the court authorized Badey to recall Ansin to inquire whether his Report omitted any pertinent information. Officer Ansin then testified before the jury that he had mistakenly omitted Badey's statement (that Badey had found the firearm and was attempting to sell it) from the Report and that the Report was thus incomplete.

On July 8, 2003, the jury returned a guilty verdict on the felon in possession count of the Indictment, see 18 U.S.C. § 922(g)(1), but it acquitted Badey of the separate charge that he had knowingly possessed a firearm with an obliterated serial number. On November 20, 2003, the court conducted Badey's sentencing hearing. In determining the appropriate sentence, the court calculated a base offense level of 20, inasmuch as Badey had committed the firearm possession offense following a felony conviction for a drug-trafficking crime. See United States Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (2003). The court

also enhanced Badey's sentence by two levels because the firearm had an obliterated serial number, increasing his offense level to 22. See USSG § 2K2.1(b)(4). After determining that Badey's proper criminal history category was III, the court sentenced him, inter alia, to fifty-one months of imprisonment, within the Guidelines range of 51 to 63 months. Badey has appealed, and we possess jurisdiction pursuant to 28 U.S.C. § 1291.

II.

A trial court possesses broad discretion in ruling on the admissibility of evidence, and we will not overturn an evidentiary ruling absent an abuse of discretion. United States v. Aramony, 88 F.3d 1369, 1377 (4th Cir. 1996). An abuse of discretion occurs only when a trial court has acted "arbitrarily" or "irrationally" in an evidence ruling, United States v. Simpson, 910 F.2d 154, 157 (4th Cir. 1990) (internal quotation marks omitted), when a court has failed to consider "judicially recognized factors constraining its exercise" of discretion, or when it has relied on "erroneous factual or legal premises," James v. Jacobson, 6 F.3d 233, 239 (4th Cir. 1993).

On the other hand, we review for plain error a contention asserted first on appeal and not previously presented in the trial court. United States v. Olano, 507 U.S. 725 (1993). The plain error mandate of Olano is only satisfied if: (1) there was error;

(2) it was plain; and (3) it affected the defendant's substantial rights. 507 U.S. at 732. If these conditions are met, we may then exercise our discretion to notice the error, but only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks omitted).

## III.

First of all, Badey contends on appeal that the trial court erred in refusing to admit the Report into evidence under Federal Rule of Evidence 803(8)(C). Second, he maintains that his predicate state conviction was not a felony offense in light of Blakely v. Washington, 124 S. Ct. 2531 (2004). Finally, Badey contends that his sentence contravened his Sixth Amendment right to a jury trial because it was based on judge-found facts, in violation of United States v. Booker, 125 S. Ct. 738 (2005). We address these contentions in turn.

## A.

Pursuant to Rule 803(8)(C), "factual findings resulting from an investigation made pursuant to authority granted by law" may be admissible against the Government in a criminal proceeding notwithstanding the hearsay rule, "unless the sources of information or other circumstances indicate lack of trustworthiness." Police reports may be appropriately admitted on

8

behalf of a defendant if the provisions of this rule are satisfied. See, e.g., United States v. Lanese, 890 F.2d 1284, 1290-91 (2d Cir. 1989) (finding exclusion of police report under Rule 803(8)(C) for lack of trustworthiness proper). However, "Rule 803 does not mandate admission, it only allows reception of qualifying evidence." United States v. MacDonald, 688 F.2d 224, 230 (4th Cir. 1982); see also Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 167-68 (1988) (observing that evaluative reports are subject to "safeguards built into other portions of the Federal Rules, such as those dealing with relevance and prejudice"). Under Federal Rule of Evidence 403, however, otherwise relevant evidence may be excluded by a trial court when its probative value is substantially outweighed by the danger of "misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

In this proceeding, the trial court was not obliged to admit the Report under Rule 803(8)(C), and properly exercised its gatekeeping authority under Rule 403. See Coleman v. Home Depot, Inc., 306 F.3d 1333, 1343 (3rd Cir. 2002) (holding that report was properly excluded under Rule 403 to avoid undue delay and waste of time notwithstanding its admissibility under Rule 803(8)(C)); see also Cortes v. Maxus Exploration Co., 977 F.2d 195, 201 (5th Cir. 1992) (holding that evidence otherwise admissible under Rule

9

803(8)(C) remains subject to limitations of Rule 403).[4] In assessing the probative value of the Report, the court observed that it "really adds little if anything to the — state of the record." The court also noted: "It would just be a waste of time to call this witness and put the report into evidence. You're proving a point that is not — that is not controverted . . . ." The trial court's observations are especially apt in light of Badey's extensive cross-examination of Ansin regarding the omission of Badey's statement from the Report. Indeed, Officer Ansin testified to that omission twice, including when he was recalled to the witness stand by the defense.

In ruling as it did, the trial court also assessed and rejected the risk that the jury might be misled by the Report. The court noted that the Report was "not that helpful to the jury," and that "the danger of admitting the entire report is to bring in a whole lot of other stuff that may not have a proper place in the case." Taking into account the potential evidentiary value of the Report, coupled with the confusing extraneous material contained

---

[4]Although this trial court, like the court in United States v. Young, did not explicitly rely on Rule 403 in excluding the Report, "it discussed many of the factors that are relevant to a Rule 403 analysis." 248 F.3d 260, 268 & n.4 (4th Cir. 2001). Because the court made the necessary factual findings, we "have no trouble affirming" on this ground. Id.; cf. Westberry v. Gislaved Gummi AB, 178 F.3d 257, 262 (4th Cir. 1999) ("[W]e can affirm the evidentiary ruling of the district court on a ground different from that employed below . . . .").

10

therein, we are unable to conclude that the trial court abused its discretion — i.e., that it acted arbitrarily or irrationally, failed to consider judicially recognized factors, or relied on erroneous factual or legal premises — in excluding the Report under Rule 403.

B.

Badey next maintains that his predicate state conviction — possession with intent to manufacture, sell, or deliver marijuana in violation of North Carolina General Statute § 90-95(a)(1) — did not constitute a felony under federal law. See 18 U.S.C. § 922(g)(1) (providing that it is unlawful "for any person who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year" to possess a firearm). Specifically, Badey contends that his offense was not punishable by imprisonment for a term exceeding one year, in light of the Supreme Court's decision in Blakely v. Washington. 124 S. Ct. 2531 (2004) (holding that defendant's Sixth Amendment rights were contravened when he was sentenced under Washington State sentencing scheme based on judge-found facts). According to Badey, North Carolina's sentencing scheme at the time of his predicate conviction, which authorized a defendant to be sentenced based on aggravating factors not admitted by the defendant or found by the jury, contravened the Sixth Amendment. Specifically, Badey's maximum non-aggravated

11

punishment was only twelve months under North Carolina law, although the maximum aggravated punishment for Badey's predicate drug conviction was fifteen months. See N.C. Gen. Stat. § 15A-1340.17(c), (d). And, because Badey did not plead guilty to an offense involving any of the aggravating factors, the maximum sentence he could have received was twelve months. Badey thus maintains that his sentence could not have exceeded a year, and that his predicate drug conviction was not a felony.

Because Badey has raised this contention of error for the first time on appeal, we review it for plain error only. United States v. Olano, 507 U.S. 725 (1993). And, in these circumstances, we must conclude that, under Olano's first prong, the district court did not err. 507 U.S. at 732. This result is controlled by our recent decision in United States v. Harp, where we addressed the effect on a federal sentence of a pre-Blakely conviction under the North Carolina statute at issue here. 406 F.3d 242, 246-47 (4th Cir. 2005) (citing N.C. Gen. Stat. § 15A-1340.17(c), (d)). As Judge Wilkins explained in Harp, the Blakely rationale did not alter our previous line of decisions, under which a prior North Carolina conviction is a felony, "if any defendant charged with that crime" could have received a sentence of more than a year under the law in effect at the time of the conviction. Harp, 406 F.3d at 245-46 (citing United States v. Johnson, 114 F.3d 435, 445 (4th Cir. 1997), and United States v. Jones, 195 F.3d 205, 206-7

12

(4th Cir. 1999)).  Because "a" defendant — one who, unlike Badey,

qualified for the aggravating factors — could have received a

sentence greater than twelve months under the relevant North

Carolina statute at the time of Badey's conviction, we are

constrained to conclude that his predicate crime constituted a

felony offense.[5]

C.

Finally, Badey challenges the constitutionality of his

sentence, which was premised on an enhancement under § 2K2.1(b)(4)

of the Guidelines, based on the court's finding that the firearm

had an obliterated serial number.  USSG § 2K2.1(b)(4) ("If any

firearm was stolen, or had an altered or obliterated serial number,

increase by 2 levels.").  Badey contends for the first time on

appeal that his sentence is unconstitutional under the Sixth

Amendment because it was based on judge-found facts that were

neither charged in the indictment nor proven beyond a reasonable

doubt.  See Booker, 125 S. Ct. at 756 (holding Sixth Amendment

contravened when sentencing court, acting pursuant to Guidelines,

---

[5]Because the Harp decision controls our disposition of Badey's
contention regarding his predicate state conviction, we need not
reach or resolve the parties' dispute over the effect of the trial
stipulation that Badey had been previously convicted of a state
felony.

13

imposes sentence greater than maximum authorized by facts found by jury alone).[6]

We review this final contention for plain error only, again applying the principles of Olano. 507 U.S. at 732; see United States v. Hughes, 401 F.3d 540, 547 (4th Cir. 2005). And, in these circumstances, no error was made. Badey's sentence, even with the two level enhancement based on the obliterated serial number, was yet within the range authorized by the verdict. That is, with the enhancement, Badey qualified for an offense level of 22 and a Guidelines range of 51 to 63 months. He was, in fact, sentenced to fifty-one months in prison. Absent the finding on the obliterated serial number under § 2K2.1(b)(4), Badey's offense level would have been 20 and his Guidelines sentence range would have been 41 to 51 months. As a result, the sentencing court's finding on the obliterated serial number did not result in a Sixth Amendment violation under Booker, because it did not serve to increase Badey's sentence beyond the maximum that could have been imposed based on the verdict alone, i.e., fifty-one months. See United States v. Evans, No. 04-4522, slip op. at *3-4 (4th Cir. July 22, 2005) (finding no Sixth Amendment error under Olano where

---

[6]On July 23, 2004, following the Supreme Court's June 2004 decision in Blakely, Badey directed this Court's attention to its potential implications in this appeal. Corrected Supp. Br. for Appellant at 7 ("[T]he sentence imposed upon Mr. Badey violated his right to jury trial under the Sixth Amendment.").

enhancement for possession of stolen firearm failed to increase sentence beyond maximum authorized by facts defendant admitted).[7]

IV.

Pursuant to the foregoing, we affirm Badey's conviction and sentence.

AFFIRMED

---

[7]Finally, we reject Badey's contention that his constitutional rights were violated in applying § 2K2.1(a)(4)(A) of the Guidelines for his predicate state felony conviction of a controlled substance offenses.  See USSG § 2K2.1(a)(4)(A) (providing for base offense level of 20 if defendant committed instant offense after sustaining felony conviction of controlled substance offense).  This contention is  also foreclosed by our decision in Harp, 406 F.3d at 247.