Joanne SHUBER and John Shuber, her
husband, Plaintiffs,

v.

S. S. KRESGE COMPANY, a Michigan
corporation, Defendant and Third-
Party Plaintiff,

v.

CROWN CONSTRUCTION COMPANY
et al., Third-Party Defendants.

Civ. A. No. 66–682.

United States District Court,
W. D. Pennsylvania.

June 29, 1970 and Dec. 10, 1970.

James A. Ashton, Pittsburgh, Pa., for plaintiff.

Bernard J. McAuley, Pittsburgh, Pa., for S. S. Kresge Co.

Gustav Berg, Pittsburgh, Pa., for Crown Const. Co.

Louis Anstandig, Pittsburgh, Pa., for F. & G. Merchandising.

Harold Gondelman, Pittsburgh, Pa., for Kirby Electric Co.

## MEMORANDUM OPINION,
### June 29, 1970

WEBER, District Judge.

In this case wife-plaintiff was an employee of F. & G. Merchandising, Inc. She was injured when a light fixture fell from the ceiling of the office where she was at work, striking her. [She received the statutory Workmen's Compensation benefits.] F. & G. leased a portion of the building from Kresge Company, the present defendant. Suit was brought against Kresge Company on the grounds that it, as the lessor of the property, was responsible for the defective condition of the premises, i. e., the unstable attachment of the light fixture to the ceiling above it. The evidence at trial showed that after the fixture fell it was discovered that the fixture had only been fastened to the relatively thin ceiling tile material by screws instead of being firmly attached to ceiling joists or other firm supports.

Kresge's defense was that it was a landlord out of possession and was only responsible for a failure to discover the defective attachment on reasonable inspection.

Kresge joined as third-party defendants, Crown Construction Company, the general contractor, which had constructed the building for it, and Kirby Electric Service, Inc., the electrical subcontractor which had done the electrical fixture installation. Kresge also joined its sub-tenant, F. & G. Merchandising, Inc., wife-plaintiff's employer, the occupant of the premises as a third-party defendant. This third-party defendant pleaded its Workmen's Compensation coverage.

Throughout the pleading, discovery and pretrial stages of this case, the case proceeded on the contention that the fixture was installed by Kirby Electric Service, as a subcontractor to Crown Construction Company. The allegations of the pleadings, pretrial narratives, and the plaintiff's evidence of liability at trial were all pointed to the contention that Kresge failed in its duty to discover the defective ceiling fastening. In the view of the Court the evidence produced by plaintiff failed to reveal that Kresge could have discovered the defect on reasonable inspection, or that such inspection was required of it.

When plaintiff closed its evidence on liability at trial, Defendant moved for a directed verdict. After argument on this point plaintiff's counsel moved for leave to reopen to call an additional witness not previously listed on plaintiff's pretrial statement. Plaintiff's offer was to produce an officer of the Versailles Development Corporation, a real estate development and holding enterprise, which owned the title to the land and constructed the building for Kresge according to Kresge's plans and specifications. The purpose of the offer of this evidence was to show that the method of fastening the fixture to the ceiling was specified by Kresge on its plans and that because the space above the ceiling was used by Kresge as a warehouse,

causing jarring and vibration of the floor and underlying ceiling, a different type of fastening should have been used. The witness to be called would identify these plans and specifications.

The Court withheld determination of the motion and continued the trial until the next day, allowing plaintiff to procure this witness.

The following day, before taking any evidence, the plaintiff's counsel announced that he also intended to call husband-plaintiff to testify that when Kresge took possession of the building from the contractor, the ceiling in the sublet portion of the premises where plaintiff was injured was in an unfinished state. It was offered that he would testify that Kresge itself installed the ceiling tiles and in the process disconnected the lighting fixtures, and then reinstalled them, in the process of which the attachment was made to the insubstantial ceiling tiles rather than the underlying solid joists. The husband-plaintiff was also an electrician and it was offered that he would testify that the defective installation would be apparent on reasonable inspection.

Defendant objected that it had no prior notice that husband-plaintiff would be called as a liability witness. In the wife-plaintiff's deposition she had testified that her husband had no knowledge of the facts of the accident. It was also pointed out that husband-plaintiff had been present throughout the trial and plaintiff's counsel had rested on the issue of liability without calling him.

On this argument, and in the interest of enforcing the Pretrial Rules of this Court, Defendant's Motion for Directed Verdict was granted. Plaintiff's counsel was attempting to change completely the theory of liability under which the case was prepared, discovery employed, pretrial procedures conducted, and under which it was presented up until the mo-

ment that plaintiff rested, and defendant moved to dismiss. Husband-plaintiff sat through the trial proceedings up to this point and there was never any suggestion that he had any evidence of a different kind to offer.

We have two questions here on plaintiff's Motion for relief; (1) Was the evidence produced sufficient to raise a question of fact that the defect could have been discovered by Kresge by reasonable inspection and that the circumstances required such inspection as would have revealed the defect; and (2) should the plaintiff have been allowed to reopen its case to introduce an entirely new theory of liability, that Kresge itself was responsible for the insecure fastening?

■ On the first question we are convinced that plaintiff's evidence was insufficient.

As to the second question it should certainly have been prejudicial to defendant to allow the introduction of this entirely new evidence. Kresge had no notice that it would be charged as the party which installed the insecure fastening. Its joinder of Crown Construction Company and Kirby Electric Service was made on the basis that the contractors had installed the fixture, and Kirby Electric Service admitted in discovery proceedings that it had installed the fixture.

The introduction of such evidence would certainly require a modification of the Pretrial order in this case, if not an amendment to plaintiff's complaint. We recognize the statement of Judge (now Chief Justice) Burger in Washington Hospital Center v. Cheeks, 129 U.S. App.D.C. 339, 394 F.2d 964, 965, " * * * that liberal modification of pre-trial orders encourages careless preparation of the case by the attorneys involved. However, it is equally true that 'an unswerving insistence upon ev-

ery provision, under all circumstances, may work grave injustice in individual cases. * * * ' ".

The laxity of counsel was apparent in this case. Counsel was warned by the judge conducting the pretrial conference of the standard of proof he would be required to meet, and when the matter came on before the undersigned for trial he was no better prepared.

Judge Aldisert of the Court of Appeals for this Circuit, from an extensive background as a trial lawyer and a trial judge, has noted the dilemma of the trial judge in this situation in his dissent in Deakyne v. Commissioners of Lewes, 416 F.2d 290, 301 [3rd Cir., 1970]: " * * * If there was any prejudice to the Town in the trial, it came from its own counsel table and not the bench. * * * ".

■ Plaintiff's counsel's laxity merits no consideration but perhaps the client requires some. We will not rule on plaintiff's Motions at this time but hold the same under advisement pending further action as required herein.

Plaintiff's counsel shall, at his own personal cost and expense, produce the witnesses who were offered at trial, i. e., John Shuber, husband-plaintiff, and the officer of Versailles Development Corporation, together with construction blueprints, for examination by defendant and third-party defendants on oral deposition. Plaintiff's counsel shall arrange for a time for such deposition convenient to opposing counsel, and shall provide for a transcript of said testimony to be furnished at his cost, for the use of opposing counsel. A copy of such transcript shall be filed with the court and the undersigned shall be notified when this is done. Said deposition shall be taken and the transcript filed on or before September 1, 1970.

Upon review of said transcript the court will call for further argument of counsel.

OPINION, Dec. 10, 1970

The granting of a new trial in this case would probably enable plaintiff to present a prima facie case of liability on the part of defendant which she was unable to do in the first trial. However, the events are five years old and defendant has been preparing his defense in accordance with the original theory developed by plaintiff during the pretrial and trial stages. Defendant even secured the admissions of the third-party defendant Kirby that it was the party which installed and re-installed the lighting fixture in question.

Now, after the argument on defendant's Motion for Directed Verdict, plaintiff comes forward with an entirely new theory of liability and offers testimony in support thereof from husband-plaintiff who sat in the courtroom during the trial proceedings while the testimony in support of the original theory of liability was presented. Wife-plaintiff's deposition testimony had previously established that her husband had no knowledge of the circumstances of the accident. Husband-plaintiff's proffered testimony taken by deposition in support of the motion for new trial now asserts that he knew a lot about the circumstances which would impose liability on the only party named as defendant in this suit, and which, incidentally, would probably have absolved the third-party defendants Crown Construction Company and Kirby Electric Service, Inc. of any liability here.

■ While we cannot expect a layman to understand all the complexities of the various legal bases of liability here, this layman is also a party-plaintiff, and must share the responsibility of the preparation and presentation of his case.

■ While plaintiffs are prejudiced by the refusal to grant a new trial, defendant would face a similar prejudice

were we to require it now, after five years, to defend this stale claim. While technically this evidence does not require the amendment of the original pleading, nevertheless defending against such evidence would require defendant to face the same handicap, to discover evidence five years later to refute the newly proffered evidence. The rationale of the statute of limitations supports defendant here.

■ Furthermore, the Court has an interest to support the integrity of its pretrial procedures. The Pretrial Order in the case binds and limits the parties to what they have presented and revealed in their Pretrial Narratives and at the Pretrial Conference. Neither at the Pretrial Conference, nor in the trial was this new line of evidence suggested. We must either require adherence to our Pretrial Rules or abandon them utterly in this case. We think that the interests of the efficient administration of justice require their enforcement.

■ We must make one further observation. Lured by an opportunity of federal jurisdiction plaintiff asserted her claim in this Court against the one possible defendant offering diversity. That defendant joined three possible joint tort feasors for contribution and the discovery proceedings revealed possible grounds of direct liability of some of these third-party defendants to plaintiff. But under federal practice plaintiff received no benefit from their joinder since, lacking diversity, she could not assert a direct claim against them in this Court. However, her state court remedies against all parties were much broader. Plaintiff could have named all parties [except the employer of wife-plaintiff] as original defendants in a state court suit or an original defendant could have impleaded the additional defendants as being directly liable to plaintiff. Plaintiff having chosen this forum is limited to the remedies available in this forum.